## THE GERMANIA FIRE INSURANCE COMPANY

*v.*

## MARY G. McKEE.

1. PRACTICE—*finding of Appellate Court conclusive as to the facts.* Where the Appellate Court affirms the judgment of the circuit court, it must of necessity find that the evidence sustains· the judgment below, and such finding is, upon that question, conclusive on this court, on appeal or error.

2. INSURANCE—*neglect of agent to report acts to insurance company no evidence of collusion.* Where an insurance agent, having full power to issue policies of insurance and to grant special permits, having issued a policy, some six days afterwards cancelled the same, and issued a new one, and granted a special permit to the assured, which he failed to report to his principal, it was *held*, that evidence of his neglect to report the same, without an offer to show collusion with the assured, or any evidence to connect the assured with the omission, was properly refused on the trial of an action on the new policy, and that such evidence did not tend to show a collusion.

3. SAME—*false statements in application, made by agent.* Where the application for an insurance is prepared, signed and presented by the assured, the insurer has the right to rely upon the truth of the statements therein contained; and if the statements are false in a material point, the insurer may refuse to be bound by the policy.

4. But where the assured makes a full and complete disclosure of the title and situation of the property to the agent of the insurance company, and the agent deliberately writes false answers, to be signed by the assured, saying it does not amount to anything, the company will be estopped from denying its liability.

5. ERROR *will not always reverse.* The exclusion of evidence which works no injury, as, where the same thing proposed to be shown by it clearly appears from other evidence, though technically an error, is no ground for a reversal.

6. EVIDENCE—*its relevancy.* In a suit on a policy of insurance, by a wife, to recover for the loss of hay, etc., embraced in the policy, the insurance company offered in evidence a deed of assignment, made by the husband of the plaintiff, of a lot of hay and other property, which the court refused to admit: *Held*, no error, as the evidence was wholly irrelevant, without proof that the property in the deed of assignment was the same included in the policy.

7. INSTRUCTION—*must be based on evidence.* Although an instruction may contain a correct proposition of law, yet, if there is no evidence of the facts upon which it is predicated, there is no error in refusing it.

WRIT OF ERROR to the Appellate Court for the Third District.

Mr. GEO. W. GERE, for the plaintiff in error, after a statement of the facts, made the following, among other points:

A considerable part of the insured property was, in law and in fact, the property of Thomas D. McKee.

The defendant in error was not entitled to judgment, because there was a breach of warranty as to the ownership of the personal property.

The plaintiff below, under the rules of evidence and law, was required to make out her case as alleged in her declaration, and herein, of the admission of improper evidence.

The policy provided, if the property "be encumbered by any lien," etc., it should be void. The declaration averred, that the plaintiff had in all respects kept and performed the conditions and provisions to be by her kept and performed, and the plaintiff was permitted to prove, for the purpose of showing a waiver of the warranty against incumbrances and of the condition of the policy, conversations between the agent of the insured and the agent of the company. She pleaded a performance, and was allowed to prove a waiver of performance. The allegation and proof must correspond. 1 Greenlf. Ev. sec. 51; *Tiernan* v. *Granger,* 65 Ill. 351; *Taylor* v. *Beck,* 13 id. 376.

The court erred in refusing to admit proper evidence offered by the defendant below, and in refusing the seventh instruction asked by the defendant. Fraud and collusion between the agent of the insurance company and the assured destroys the rule that knowledge of the agent is to be considered as knowledge of the company and binding upon it. *Rockford Insurance Co.* v. *Nelson,* 65 Ill. 415.

Where direct notice or any notice which the assured, as a prudent man, is bound to regard, is brought home to him, limiting the powers of the agent, he relies upon any act in excess of such limited authority at his peril. Wood on Insu-

rance, 631, sec. 387; *Messereau* v. *Phœnix Insurance Co.* 66 N. Y. 274; *Walsh* v. *Hartford Fire Insurance Co.* 73 id. 10.

The assignment of T. D. McKee to Webber, under the State law, should have been admitted in evidence.

The court erred in not giving the sixth refused instruction asked by the defendant, and in giving the sixth asked by the plaintiff. As to notice to agent being notice to principal, and extent of rule, see 1 Pars. on Cont. (5th ed.) 76, 74, 75.

A warranty is a part of the contract, and must be literally true. Flanders on Fire Insurance, 226; *Ætna Life Insurance Co.* v. *France et al.* 91 U. S. 510; *Burrill* v. *Saratoga County Mutual Insurance Co.* 5 Hill, 188.

As to fraud or any attempt at fraud on the part of the assured, vitiating the policy or working a forfeiture, see May on Insurance, sec. 477; Wood on Insurance, 744; *Sleeper* v. *N. H. Fire Insurance Co.* 56 N. H. 401; *Security Insurance Co.* v. *Fay,* 12 Mich. 467.

Where the contract of the parties is reduced to writing, the writings afford the only evidence of its terms. *Abrams* v. *Pomeroy,* 13 Ill. 133; *Marshall* v. *Gridley,* 46 id. 250; *Winnesheik Insurance Co.* v. *Holzgrafe,* 53 id. 522; *Illinois Mutual Insurance Co.* v. *O'Neile,* 13 id. 93; *Schmidt et al.* v. *Peoria Mutual and Fire Insurance Co.* 41 id. 299; *Hulton* v. *Arnett,* 51 id. 198; *Lighthall* v. *Colwell,* 56 id. 108; *Gibbons* v. *Bressler,* 61 id. 110; *Mann* v. *Smyser,* 76 id. 365.

Messrs. BRADLEY & BRADLEY, for the defendant in error, after stating the facts of the case at some length, made the following points:

As to the point that the property was that of the husband of the insured, the finding of the facts otherwise by the Appellate Court is conclusive. Rev. Stat. 1877, p. 746, secs. 88 and 90.

Where the agent of the insured knows the facts in respect to the property insured, and makes out the application, the company will be estopped from setting up a breach of war-

ranty in respect to the statement of the condition, etc., of the property, and parol evidence is admissible to show knowledge of the facts by the agent. *Bronley* v. *Insurance Co.* 36 N. Y. 550; *Peck's case,* 22 Conn. 575; *Beebe's case,* 25 id. 51; *Franklin's case,* 42 Mo. 457; *Beal's case,* 16 Wis. 241; *Mahone's case,* 21 Wall. 156; *May's case,* 25 Wis. 306; *N. E. F. and M. Insurance Co.* v. *Schettler,* 38 Ill. 166; *Hartford F. and M. Insurance Co.* v. *Cornick et al.* 24 id. 455; *Howard Insurance Co.* v. *Bruner,* 23 Pa. (11 Harris) 50; *Masters* v. *Madison County Insurance Co.* 11 Barb. 624; *Atlantic Insurance Co.* v. *Wright,* 22 Ill. 473; *F. and M. Insurance Co.* v. *Chestnut et al.* 50 id. 116; *Insurance Co. N. A.* v. *McDowell,* id. 128; *Rockford Insurance Co.* v. *Nelson,* 65 id. 415; *Andes Insurance Co.* v. *Fish,* 71 id. 620; *Rockford Insurance Co.* v. *Nelson,* 75 id. 548; *St. Paul F. and M. Insurance Co.* v. *Wells,* 89 id. 82; *American Insurance Co.* v. *Luttrell,* id. 314.

Where the business of the agent is to solicit for his principal and procure customers, and he misleads the insured by a false and erroneous statement of what the application should contain, or, taking the preparation into his own hands, procures his signature by an assurance that it is properly drawn, the description of the risk, though nominally from the insured, *ought to be regarded* as proceeding from the company. *May's case,* 25 Wis. 306; *Schettler's case,* 38 Ill. 166; *Wilkinson's case,* 13 Wall. 236; *Insurance Co.* v. *Mahone,* 21 Wall. 156, and cases before cited.

There was no error in the giving or refusing of instructions, which point the counsel argue at some length.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by Mary G. McKee against the Germania Fire Insurance Company, on a policy of insurance issued December 24, 1877, by which the plaintiff was insured against loss by fire for one year on a hay barn, cattle sheds, and a large quantity of farming implements, situated on a certain quarter section of land in

Champaign county. A trial of the cause in the circuit court resulted in a judgment in favor of the plaintff. An appeal was taken to the Appellate Court, where the judgment was affirmed. To reverse the judgment of the Appellate Court this writ of error was sued out by the insurance company.

In the argument of plaintiff in error the position is taken that a considerable portion of the insured property belonged to Thomas D. McKee, the husband of the plaintiff. This is a question of fact which we · can not inquire into. The Appellate Court having affirmed the judgment of the circuit court, of necessity found that the evidence established the ownership of the property in the plaintiff. Under the statute that finding is conclusive, and can not be reversed· on appeal or error.

It appears, from the record, that on the 18th day of December a policy was issued on the property in question, No. 20,021, and on account of some mistake contained therein it was surrendered, and the policy in suit, No. 20,026, issued in its place.

On the trial the defendant offered to show that its agent, Hardin, who obtained the risk and issued the policy, had not reported the cancellation of the first policy nor the issuance of the other one, and that he had not reported the issuance of special permits to plaintiff for "steam hay pressing" for ten days, etc. This testimony was offered for the purpose of showing a collusion between the company's agent, Charles E. Hardin, who issued the policy, and the plaintiff. The court excluded the evidence, and the decision is relied upon as error.

If the court had permitted each fact to be proven which defendant offered to prove, we fail to see how a collusion could be established by such facts. This agent was clothed with full authority from the company to issue the policy, and also the special permits, and the fact that he neglected to discharge his duty to the company would not tend to show collusion between him and the assured. The offered evidence did not in the least tend to connect plaintiff with the mis-

conduct of the company's agent, and unless she was in some way connected with his misconduct she could not be prejudiced by anything he might do or omit to do.

The defendant also offered in evidence policy No. 20,021, which had been held by plaintiff for six days and returned and cancelled, the printed portions of which were in all respects like the one in suit. This evidence was offered for the purpose of showing that plaintiff had notice, by the terms of the printed policy, that the authority of the agent was limited. If it be conceded that this evidence had any bearing on the question, the policy in suit, which was read in evidence, when it was accepted by the plaintiff give her all the notice that the cancelled one did, and if the court committed a technical error in excluding the evidence, it did defendant no harm.

It is also contended that the court erred in excluding from the jury the deed of assignment of Thomas D. McKee to William B. Webber. This evidence was irrelevant. Had there been evidence fairly tending to show that the hay and other property embraced in the assignment was the same included in the policy of insurance, then the assignment might have been competent evidence, but there was no such proof.

It is next urged that the plaintiff was not entitled to a verdict for the reason that the barn insured was at the time incumbered, and plaintiff had warranted that the property was clear of incumbrance. In the application this question is asked: " What incumbrance is now upon the property ?" Answer: " None." The policy contains a provision that if the property is incumbered by any lien, whether by deed of trust, mortgage or otherwise, * * * the policy shall be void. There is no dispute in regard to the fact that the land upon which the barn was erected was mortgaged, but it appears that the agent of the insurance company prepared the application for the policy, and wrote the answers to the various questions therein propounded, himself; that he was

fully informed in regard to the mortgage on the property, and said to the plaintiff, "it did not amount to anything."

Where a policy has been issued under such circumstances, and there is no collusion between the assured and the agent of the company, it is well settled in this and other courts that the insurance company is estopped from insisting upon the defence of warranty. *The Atlantic Ins. Co.* v. *Wright*, 22 Ill. 473; *Mutual Ins. Co.* v. *Chesnut*, 50 id. 116; *Andes Ins. Co.* v. *Fish*, 71 id. 620.

Where the application is prepared, signed and presented by the owner of the property, the insurance company has the right to rely upon the truth of the statements therein contained, and if the statements are false in a material point the company may refuse to be bound by the policy. But when the assured makes a full and complete disclosure of the title and situation of the property to the agent of the company, and the agent deliberately writes false answers to be signed by the assured, the company will be estopped from denying its liability, as was held in *The Atlantic Ins. Co.* v. *Wright, supra.*

It is next urged that the court erred in refusing defendant's instruction No. 4. The substance of this instruction was given to the jury in instruction No. 1, or at least all that was necessary on the question of title to the property, and we do not think it was error to refuse it.

It is also contended that the court erred in refusing defendant's 6th instruction, which was as follows:

"If the jury believe, from the evidence, that at the time of the making of the application, or at the time of the issuance of the policy sued on, either the plaintiff or her agent, Thomas D. McKee, apprehended any incendiary danger to the insured property, then you will find for the defendant."

We find no sufficient evidence in the record upon which this instruction could be predicated. If, therefore, it contained a correct proposition, and there was no testimony that McKee or his wife, when the policy issued, apprehended incendiary

danger, the court did not err in refusing the instruction. What is said in regard to the decision of the court on this instruction, applies to the decision of the court in refusing defendant's instruction No. 2.

So far as is shown by the record, the merits of the case have been fairly tried and we perceive no substantial error. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*