## THE MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY

*v.*

## CATHARINE M. ROBINSON.

*Filed at Springfield March 21, 1881.*

1. PARTY—*plaintiff in suit on insurance policy.* Where a life policy of insurance contains an express promise and agreement to pay the sum insured to the "assured, his executors, administrators or assigns, ninety days after due notice and proof of the death" of the assured, the executrix of the assured is the proper party to bring suit upon the same, and a subsequent provision in the policy that the sum insured is for the express benefit of the wife of the assured and their children, will not change the rule.

2. PRACTICE—*consideration of questions of fact.* In case of a suit on a policy of insurance coming to this court through the Appellate Court, no question of fact can be considered. Where the judgment of the trial court is affirmed in the Appellate Court, it implies a finding of the facts the same way as the jury did, and this court has no rightful authority to find the facts differently.

3. INTEREST—*on life insurance.*  Interest is recoverable on the amount of a
life insurance policy from the time it is due and payment is refused.

4. INSURANCE—*effect of false answers in application made by agent of the in-
surers.*  Where the assured makes a full and complete statement of all facts
that materially affect the risk, and the agent of the company, acting in its be-
half in preparing the application, of his own accord writes false answers
to the usual questions propounded, to be signed by the applicant, with the
advice to ᾽im that the omitted facts are immaterial, and the assured, in good
faith, ᵣ .opts the application as prepared, the company will be estopped
from ᴊenying its liability on the policy after receiving premiums, when loss
may occur.

5. INSTRUCTION—*presumption as to how understood.*  It will be presumed
that the jury understood instructions as they commonly impress the mind.

6. ERROR *will not always reverse.*  Entire accuracy in expressing the
law in instructions is not to be expected in every case, and it is a rule of
general application that every slight error that may appear, will not be a
sufficient warrant for reversing the judgment.

APPEAL from the Appellate Court for the Third District;—
heard in that court on appeal from the Circuit Court of
Montgomery county; the Hon. CHARLES S. ZANE, Judge,
presiding.

Mr. R. MCWILLIAMS, for the appellant:

This action can not be maintained by the executrix of
the estate of the assured.  No one could recover on the
policy until after the death of the assured.  After that event
he could not sue.  The fruits of the contract are solely for
the benefit of his widow and their children.  She and they
are the parties in interest, and as such, entitled to maintain
the action.  *Hogle* v. *Guardian Life Ins. Co.* 6 Robertson,
567.

The assured expressly agreed that the questions and
answers in the application should form a part of the contract
or policy, and that if the answers were not in all respects
true, the policy should be void.  He also warranted the state-
ments to be true as stated.  A warranty is construed as a
condition precedent, which must be strictly complied with or
else the contract is rendered void.  *Eddy Street Iron Foundry*

v.--*Hamptdon F. & M. Fire Ins. Co.* 1 Cliff. 300; *Glendale Woolen Co.* v. *Protection Fire Ins. Co.* 21 Conn. 19; *Mutual Benefit Life Ins. Co.* v. *Miller,* 39 Ind. 475; *Ripley* v. *Ætna Fire Ins. Co.* 30 N. Y. 136; Bliss on Life Ins. secs. 39, 58; May on Ins. p. 627, sec. 513.

Whether one party, through negligence, mistake, inadvertence, oversight, or purposely, omits to communicate a material fact, the other is wholly exonerated from the contract. If there be no fraud, then the concealment must be of a material circumstance, and the test of materiality in concealment is the same as in misrepresentation. Bliss Life Ins. (3d ed.), secs. 40 and 66; *Daniels* v. *Hudson River Fire Ins. Co.* 12 Cush. 416; *Insurance* v. *Wilkinson,* 13 Wall. 222.

Mr. E. LANE, and Mr. W. T. COALE, for the appellee:

The action was properly brought in the name of the executrix. *Bailey* v. *New Eng. Life Ins. Co.* 114 Mass. 177. See *Burroughs* v. *State Ass. Co.* 97 id. 359; *Gould* v. *Emerson,* 99 id. 154.

The policy in this case is quite different from the cases cited by appellant, and the cases of *St. Paul F. &. M. Ins. Co.* v. *Johnson,* 77 Ill. 599, and *Westchester Fire Ins. Co.* v. *Foster,* 90 id. 121.

But this question can not be raised for the first time in the Appellate Court. *Campbell* v. *New England Mut. Life Ins. Co.* 98 Mass. 381.

Parol evidence is admissible, notwithstanding the written application, to show that the deceased made true statements to the agent when the application was made, and that the agent made a false entry. 2 Wharton's Ev. 1172.

If the applicant correctly states the facts, but the agent records them wrongly in the application subsequently signed by the assured, the company will be estopped from availing itself of any alleged misrepresentation or concealment. Bliss Life Ins. 107; *Insurance Co.* v. *Wilkinson,* 13 Wall. 222; *Romley* v. *Empire Ins. Co.* 36 N. Y. 550; *Anson* v. *Win-*

*neshiek Ins. Co.* 23 Ia. 84 ; 2 Whart. Ev. 1173 ; Wood's Ins. 276 ; 3 Baxter (Tenn.), 155 ; *Miller* v. *Mutual Ins. Co.* 31 Ia. 216 ; *American Ins. Co.* v. *Luttrell,* 89 Ill. 314 ; *Rockford Ins. Co.* v. *Nelson,* 75 id. 548 ; *Germania Fire Ins. Co.* v. *McKee,* 94 id. 494.

Where the agent makes out an application for insurance, with a knowledge of the facts, the company will be bound. *Rockford Ins. Co.* v. *Nelson,* 65 Ill. 416 ; *Andes Ins. Co.* v. *Fish,* 71 id. 623 ; *Ætna Ins. Co.* v. *Maguire,* 51 id. 342 ; *Eclectic Life Ins. Co.* v. *Fahrenkrug,* 68 id. 463 ; *F. & M. Ins. Co.* v. *Chestnut,* 50 id. 118.    See also *Atlantic Ins. Co.* v. *Wright,* 22 id. 473 ; *H. & M. Ins. Co.* v. *Cormick,* 24 id. 461 ; *New England F. & M. Ins. Co.* v. *Schettler,* 38 id. 167.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This suit was brought by Catharine M. Robinson, executrix of the estate of Ninian A. Robinson, deceased, against the Massachusetts Mutual Life Insurance Company, on a policy issued by that company on the life of deceased.    The amount of the risk assumed was $5000, and the policy contained the following provision in reference to its payment:

" And the said company do promise and agree, to and with the said assured, his executors, administrators or assigns, well and truly to pay the said sum insured, to the said assured, his executors, administrators or assigns, ninety days after due notice, and proof of death of said Ninian A. Robinson during the continuance and before the termination of this policy, the balance of the year's premium, if any, being first deducted therefrom.    Said sum insured being for the express benefit of Catharine M. Robinson, wife of said assured, and their children."

It appears from a stipulation signed by counsel, due notice and proof of death of the assured were furnished to defendant before suit was brought, but on the trial of the cause proof thereof was waived from the record by defendant, and the defence to the action was placed solely on the merits of

the case. For the purpose of obtaining the policy, assured made an application in writing to the company, which contains many answers concerning the health of applicant and other facts material to the risk, and the admission of plaintiff is, the application offered in evidence is the application on which the policy was issued.

The defence made to the merits of the case was based on the alleged fraudulent character of the application upon which it is said the company acted in issuing the policy, and the deceit practiced on the company in that regard. It is shown the application was filled up by a local agent of the company, and whether assured was guilty of fraud, or concealment of facts material to the risk, in his answers to questions propounded to him by defendant's agent, as the same are written in the application, are matters relied on as vitiating the policy. On this question testimony was taken and submitted to the jury before the cause was tried, but they found the issues for plaintiff and assessed her damages at the face of the policy, with interest for the detention.

A motion for a new trial was overruled and the court entered judgment on the verdict. That judgment, on the appeal of defendant, was affirmed in the Appellate Court, and the company bring the case to this court on their further appeal.

It is plain, the executrix was the proper party to bring the suit. The express promise and agreement of the company was to pay the sum insured to the "assured, his executors, administrators or assigns, ninety days after due notice and proof of death" of the assured. The subsequent provision, the "sum insured being for the express benefit of Catharine M. Robinson, wife of the said assured, and their children," does not change the legal liability. All the assured did was to name his wife and children as the beneficiaries of the sum insured when the same should be collected.

It is argued, the word "assured," as used in the policy, is to be understood the parties for whose benefit the policy was

taken. Such construction can not be maintained without doing violence to the words employed. The sum insured is for the benefit of Catharine M. Robinson, wife of the "assured," and their children.

Plainly, the word "assured," as there used, and elsewhere in the policy, means the husband, with whom the contract was made, and no reasoning, however subtle, can make it even appear to mean anything else. It will be found that in every case cited from this court, where the beneficiaries have been permitted to recover in their own names, the sum insured, when the loss should occur, had been specifically made payable to such beneficiaries, as was the case in the *Westchester Fire Insurance Company* v. *Foster,* 90 Ill. 121.

The point made against the judgment, that has been most elaborated, is that no recovery can be had on the evidence as it appears in the record. Complaint is made that material answers made by assured to questions propounded to him and embodied in the application for insurance, and on which the policy was issued, were untrue and were known to assured to be untrue at the time, and that assured withheld facts within his knowledge that would virtually affect the risk. It is said the fraud practiced by the assured in this respect was sufficient to avoid the policy.

It is not perceived how the question made can be considered in this court. It was one of the issues submitted to the jury on the evidence, and their finding was against the position taken by defendant. That finding, on defendant's appeal, was afterwards affirmed in the Appellate Court, where it was the duty of the court to review evidence on questions of fact.

As was said in *Hayward* v. *Merrill,* 94 Ill. 349, no such duty devolves on this court. Only questions of law are reviewable in this court in common law cases. In this case, the jury must have found the assured was not guilty of fraud in making his application for insurance, otherwise the verdict would have been for defendant. An affirmance of the judgment by the Appellate Court implies a finding of the facts in

the same way the jury did.   Under our statute this court has
no rightful authority to find the facts differently from what the
Appellate Court found them to be, and, so far as the questions
made are questions of fact, or so far as they depend on ques-
tions of fact, this court is conclusively bound by the finding
of the Appellate Court.   *Germania Ins. Co.* v. *McKee,* 94 Ill.
494.

Conceding, as must be done, that on the facts found, plain-
tiff was entitled to recover, the damages found by the jury
were warranted by the evidence.   Interest was allowed for
the detention of the sum insured, and that the law permits.
Notice of and proof of death of the assured having been made
before suit brought, it does not appear the sum allowed was
too great.

Some questions of law, arising on the instructions given at
the trial, remain to be considered.   As respects the warranty
said to be contained in every application for insurance, the
general doctrine, as laid down in cases in this and other
courts, is, that when the assured makes a full and complete
disclosure of all facts that would materially affect the risk
about to be assumed, and the agent of the company, acting
on its behalf, and who may undertake to prepare the applica-
tion, of his own accord writes false answers to the usual ques-
tions propounded, to be signed by the applicant, with the
advice to him the omitted facts are immaterial, and the as-
sured, in good faith, adopts the application prepared by the
agent for him, the company will be estopped from denying
its liability on the policy, after receiving premiums, when
loss may occur.   *Germania Fire Ins. Co.* v. *McKee,* 94 Ill.
494; *Andes Ins. Co.* v. *Fish,* 71 id. 620; *Insurance Co.* v.
*Wilkinson,* 13 Wall. 222; *Miller* v. *Mutual Ben. Life Ins. Co.*
31 Ia. 216.

So far as the court assumed to state this doctrine in the
series of instructions given on behalf of plaintiff, it is stated
with sufficient accuracy.

The criticism made on the first and second instructions is, they take from the jury the right of determining for themselves the materiality of facts alleged to have been concealed by the assured. This is not a correct reading of the instructions. Rightly understood, they make no such impression, and the presumption will be indulged the jury understood them as they commonly impress the mind. It may be the fourth instruction is, in a measure, obnoxious to the criticism made upon it. Considering it in connection with other instructions given, as it was the duty of the jury to do, it was not so faulty as to have misled them on the real issues involved. Entire accuracy in expressions of the law in instructions given on the trial of causes is not to be expected in every case, and the rule is of general application, that every slight error that may appear will not be a sufficient warrant for reversing the judgment.

The series of instructions given on behalf of defendant state the law very favorably to the view counsel insisted upon, as respects the defence sought to be made. There can be no just ground of complaint on that score. All that was material to the defence in the refused instructions seems to have been contained in those given, and the court was not bound to state the same proposition a second time. The modifications made to some of defendant's instructions, seem to have been necessary to make them conform to the law as expressed in the decisions cited *supra.* It is certain such modifications introduced no error that could, by any possibility, prejudice the defence defendant was endeavoring to make.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*