## Richmond.

### WHITEHURST'S ADM'R V. WHITEHURST'S WIDOW.

#### APRIL 14th, 1887.

1. CORPORATIONS—*Charter—Notice.*—Persons dealing with a corporation must be presumed to have acted with reference to the provisions of its charter, with notice whereof they are affected.  *Haden* v. *F. and M. B. Fire Association*, 80 Va. 683.

2. IDEM—*Mutual Benefit Society—Policy—Construction—Case at bar.*—Charter of this society provides that on death of member " the fund to which his family is entitled shall be paid as designated in application for membership, and this being changed by death, or otherwise impossible, it shall go—*first*, to the *widow and infant* children," and then to others in order named.  W., in his application, directed that the fund should be paid as specified in his will.  He died without a will, leaving a *widow*, but no *infant* child.  In controversy between his administrator and widow—

HELD :

   . The widow is entitled to the fund.

Appeal from decree of corporation court of Norfolk city, in cause of O. E. Whitehurst, in his own right, and as administrator of Charles H. Whitehurst, deceased, and others, complainants, against Mrs. Lydia W. Whitehurst, widow of said Charles H. Whitehurst, defendant.  The decree gave to the defendant the fund, $2,000, in controversy, and the complainants procured from one of the judges of this court an appeal and *supersedeas.*

The case was substantially as follows :

In November, 1883, the said Charles H. Whitehurst departed this life, leaving a widow and several adult children, but no infant child.  At the time of his death he held a certificate of membership in the Presbyterian Mutual Assurance Fund, a mutual benefit association chartered by

the legislature of Kentucky. The certificate provided that upon satisfactory evidence of the death of the insured, the company would pay as a benefit, the sum of two thousand dollars, to such person or persons as might be designated by his will, or as he may have designated on the books of the company.

By the sixth section of the charter, it is provided that "upon the decease of any member of this association, the fund to which his family is entitled shall be paid as may be designated in the application for membership. This being changed by death, or otherwise impossible, it shall go—*First,* to the widow and infant children; *second,* to his mother and sisters; *third,* to his father and brothers; *fourth,* to his grandchildren; *fifth,* to his legal heirs."

In his application for membership, the said Whitehurst simply directed as follows: "The sum due at my death I desire to be paid to ———, my will." He died intestate and without having designated any one to whom the sum due at his death should be paid. After his death, the fund was collected by his administrator, who claimed that the same should be distributed according to the statute of descents and distributions. On the other hand, the decedent having left no infant child, the whole fund was claimed by the widow, and her claim was sustained by the decree from which this appeal was taken.

*Sharpe & Hughes,* for the appellants.

*Walk & Old,* for the appellees.

LEWIS, P., (after stating the case) delivered the opinion of the court.

The appellants contend that the decisive question in the case is one of intention on the part of the insured; that,

he having in his application for membership in the association directed the sum due at his death to be paid as by his will he might designate, his failure thereafter to make a will manifested an intention to leave the fund to be distributed as a part of his estate; and various reasons are urged in support of this position. But we are of opinion that this is not the correct view, and that the decree sustaining the plaintiff's claim is right. In other words, the matter in controversy must be determined in conformity with the charter of the association by which the insured, as a member of the association, was bound, and with reference to which the parties must be presumed to have contracted. May on Ins., § 552; *Relfe* v. *Rundle*, 103 U. S. 222; *Presb. Mut. Assur. Fund* v. *Allen*, 106 Ind. 594; *Bockover* v. *Life Ass'n of America*, 77 Va. 91; *Bocock's Ex'ors* v. *Alleghany Coal and Iron Co.*, 82 Va.; *Haden* v. *F. & M. B. Fire Association*, 80 Va. 683.

The fourth section of the charter declares that "the object of this corporation is to create and provide a beneficiary fund for the families or relations of deceased members, or for the benefit of members in sickness," etc. And by the seventh section it is provided that "the fund due deceased members shall not be subject to the claims of creditors, and shall not be reached by attachment, garnishment, or other process of law, so as to divert it from the family of such members."

This language shows very clearly that the primary object for which the association was incorporated, was the relief of families of deceased members. And it shows with equal clearness that under no circumstances, consistently with that object, can the view for which the appellants contend be sustained, since the inevitable result of their contention, if established, would be oftentimes to divert the fund from the intended beneficiaries, and to appropriate it in favor of persons who are not intended to. be

benefited.   Hence, while a member may direct to whom the fund at his death shall be paid, he must designate in the appropriate mode, if he exercise the privilege at all, one or more of his own family or relations, as is obvious from the provisions of the charter already referred to.

But it is needless to look beyond the sixth section to find abundant support for the decree appealed from.   By that section it is provided that where, by reason of the death of the designated beneficiary, or otherwise, it becomes impossible for the association to pay the fund according to the designation of the deceased member, it shall go first to the widow and infant children, and then to others in the order named.

The appellants, however, contend that this section applies only where a designation is made, and subsequent events render it impossible of fulfillment.   But we think it has a broader and more comprehensive meaning, and that it applies as well where, by reason of the failure of the insured to make any designation at all, it becomes impossible to pay according to his direction, as in case of the death of a designated beneficiary.   For, according to what seems to us the true construction of the language used, it is only in those cases where, pursuant to the charter, the insured has expressly directed otherwise, that the fund is not payable as pointed out by the terms of the sixth section.

The result is, that the insured in the present case having died intestate, leaving no infant child, and without having designated how the fund in dispute shall be paid, it goes to the widow, as was decreed by the corporation court.

DECREES AFFIRMED.