## Chicago Guaranty Fund Life Society v. Annie M. Wheeler.

1. Beneficiary Societies —*Certificates Where No Beneficiary Is Named.*—Where there is no beneficiary named, a certificate payable to the legatee of the member must be construed along with the charter and by-laws of the society, where the substantial undertaking is to pay to some one of the persons named in such constitution and charter, in case of a failure by the member to designate a legatee.

2. Same—*Construction of Contracts of Insurance.*—To hold that because the member died without naming a legatee, no one should be paid the money collected by the society from surviving members, and held in its treasury for the purpose of paying the particular loss, would frustrate the whole scheme and object of its existence as a corporation.

3. Same—*Where There Is No Beneficiary.*—Where the purpose of the society is to furnish a fund for the benefit of " the widow, orphan, heir, assignee or legatee of a deceased member," the fund should be paid in the order in which the parties to be benefited are named in the charter and by-laws; first to the widow; if there is no widow, then to the orphans; and if neither widow nor orphans, then to the heirs, etc.

Assumpsit, on a beneficiary certificate. Appeal from the Superior Court of Cook County; the Hon. Philip Stein, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1898. Affirmed. Opinion filed December 23, 1898.

JAMES FRAKE, attorney for appellant.

RUDOLPH D. HUSZAGH, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The demurrer of the appellee to the rejoinder of appellant having been sustained (appellant's plea of the general issue having been withdrawn), the appellant declined to plead further, and abided by its rejoinder, and thereupon default and judgment against appellant for $2,000 was rendered, and this appeal has followed.

The pleadings were so framed as to present the whole case upon its merits.

Appellee's declaration alleged, in a special count, the organization of appellant corporation under the laws of Illinois, for the purpose, among other things, of furnishing life indemnity to the widows of deceased members thereof, and to raise funds for the payment of such indemnity in whole or in part by assessments upon the surviving members thereof; that one Benair G. Wheeler became a member of said corporation in 1885, and remained such member up to the time of his death, and received from said corporation two certificates of membership for $1,000 each, to be paid to his widow ninety days after proof of his death; that Wheeler died in 1896, and left him surviving, as his widow, the appellee; that proper proof of the death of Wheeler was made, and that the appellant corporation collected from the surviving members the sum of $2,000, and has the same in its treasury for the purpose of paying the same to the persons entitled thereto; whereby appellant became liable and undertook to pay to appellee said sum of $2,000.

Appellant pleaded specially, in effect, that it did not, by its said certificate of ownership issued to Wheeler, promise to pay to Wheeler's widow said sum of $2,000, but did promise to pay the same to Wheeler's legatees, and averred that appellee was not a legatee of Wheeler; and set forth a certain certificate of insurance issued to Wheeler (which seems to have been given as evidence of the issuance of the

certificates of membership), wherein it is provided that appellant will pay to " the legatees of Benair G. Wheeler, or their legal representatives," $1,000 on each of the two certificates in force at Wheeler's death.

Appellee replied, in substance, that Wheeler died intestate, whereby she, as his widow, and the person first in order named in the constitution and by-laws of appellant, became the beneficiary entitled to the money.

The appellant, by its rejoinder, which it stood by after the demurrer to it was sustained, set forth its constitution and by-laws and articles of incorporation, so far as pertinent, by which it appears that the object for which appellant was formed was to furnish life indemnity or pecuniary benefits " to the widows, orphans, heirs or relatives by consanguinity or affinity, devisees or legatees " of its deceased members. It is also provided, under the heading of " benefits," that the society shall " pay to the beneficiary named in the books of the society, or to his or her assigns, or legal representatives, as the case may be, the amount to which the same are entitled according to the terms of the certificate of membership."

Appellee asserts her right to recover the money, upon the ground that Wheeler, the member, having made no will and having left no legatee, and having named no beneficiary in any manner, she, his widow, as the person first in order named in the constitution and articles of incorporation of appellant, became and is the beneficiary entitled to the money.

Such is the effect of her replication to appellant's plea that it did not promise to pay the widow, but did promise to pay Wheeler's legatees.

Appellant relies, in defense, upon the "contract pure and simple, between the defendant company and the insured," and argues that for the construction of such contract, " the certificate of insurance, in connection with the by-laws of the society and the act under which it is incorporated," must be looked to; and that, inasmuch as Wheeler named no beneficiary, appellant " is not bound to pay any one."

The construction of the contract made by appellant with

the member, Wheeler, was, in our opinion, correctly given by the Superior Court. It would be a very hard construction to give to the contract, to hold that because the member died without legatees, no one should be paid the money that the declaration alleges has been collected by appellant from surviving members, and is now held in its treasury for the purpose of paying this particular loss. To so hold would frustrate the whole scheme and object of appellant's existence as a corporation.

The object of forming the appellant society, expressed in the statute, and in its charter and by-laws, is to furnish indemnity to some one or more of a class named, and it is a forced and unnatural construction of the contract to say that because the particular one of the class designated in the contract has failed none other shall have the benefit.

The contract must be construed along with the charter and by-laws of the society, which in law are a part of it. The substantial undertaking was to pay to some other of the persons named in the constitution and charter of the society, if there should be a failure by the member to designate a legatee. We regard the case as coming within the spirit of Benefit Association v. Sears, 114 Ill. 108. Other cases applicable in principle are Ballou v. Gill, 50 Wis. 614; Newman v. Mutual Ins. Ass'n, 76 Iowa, 56; Whitehurst v. Whitehurst, 83 Va. 153; Jewell v. Grand Lodge, etc., 41 Minn. 405.

But it is urged that the appellee, as widow, is no more entitled to the benefits than the orphans of Wheeler. We discover nothing in the record showing that there are any "orphans" to take; indeed, generally speaking, there are no orphans while one parent lives. Century Dictionary: "Orphan, a minor or infant who has lost both of his or her parents." Bouvier's Law Dictionary, edition of 1897.

The Supreme Court of the District of Columbia, in Masonic, etc., Association v. McAuley, 13 Mackey, D. C. 70, held, that in the absence of any direction by the deceased member, where the purpose of the corporation was to furnish a fund for the benefit of " the widow, orphan, heir, assignee or legatee of a deceased member," the fund should go and

be paid in the order in which the parties to be benefited are named in the charter and by-laws; first to the widow; if there is no widow, then to the orphans; and if neither widow nor orphans, then to the heirs, etc.

Such reasoning commends itself to us. It can hardly be that the intention of the constitution and charter of the society in such a case is that the widow, orphans, heirs, etc., should take jointly; and if not jointly, what construction can be more proper than to hold that the order named should be observed in fixing the right?

We do not think the cases relied upon by appellant are applicable under the facts of this case.

Upon the record as made, the judgment should be affirmed and it is so ordered.