## Marlitt Deutscher Frauen Verein v. Hartmann Mueller.

### Gen. No. 13,797.

1. APPEALS AND ERRORS—*when finding of court not disturbed as against the evidence.* The finding of the court upon a question of fact will not be disturbed as against the evidence where such evidence is conflicting and the finding is not manifestly against the weight thereof.

2. PRACTICE—*interest of plaintiff essential to recovery.* It is elementary that a plaintiff must show such interest in the subject-matter of a suit as will entitle him to a recovery if the evidence in other respects is sufficient.

3. PARTIES—*who proper, plaintiff, to recover insurance benefits.* The contract being with the deceased, the right of action to recover funeral benefits provided for in such contract, lies in the administrator of such deceased.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. WILLIAM W. MAXWELL, Judge, presiding. Heard in this court at the October term, 1907. Reversed. Opinion filed April 20, 1908.

KRUSE & PEDEN, for plaintiff in error.

RUBENS, FISCHER & MOSSER, for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

Hartmann Mueller was plaintiff and plaintiff in error was defendant in the trial court. The defendant is a corporation, incorporated under the laws of this state. Defendant's purpose is stated in its charter to be "Social entertainments, care of the German language, and mutual help in case of sickness, accidents and death." Sections 6 and 10 of article 11 of defendant's by-laws are as follows:

"6. If it can be proved that a member had a chronic disease at the time she was admitted to the society, and if this sickness should occur again, then she will not be entitled to any aid, nor will she get any money in case of death."

"10. At the decease of a member, who was not over 60 years at the time of admission, and who was entitled to the benefits, the sum of $150 shall be paid out towards the funeral expenses, within thirty days, as long as there are $1,000 on hand. If this amount is not there, then the members will be taxed."

Emma Mueller, deceased, became a member of the defendant society April 1, 1904, being then less than 60 years of age, and continued such member till May 26, 1906, when she died as the result of a stroke of paralysis. At the time of her initiation into the society she was afflicted with a stroke of paralysis resulting from hemorrhage of the brain. The plaintiff is the surviving husband of Emma Mueller, deceased, and his claim, as shown by his bill of particulars, is for $150, to reimburse him for expenses incurred by him in the burial of his wife. The cause was tried by the court, without a jury, and the court found the issues for the plaintiff and assessed his damages at the sum of $150, overruled defendant's motion for a new trial, and rendered judgment for $150 and costs.

Counsel for defendant rely on two propositions: First, that the plaintiff is not the proper party plaintiff, and second, that the deceased was afflicted with a chronic disease at the time of her initiation as a member of the society. The evidence in respect to the second proposition is conflicting, and we would not feel justified in reversing the judgment on the ground that the court's finding that the deceased was not suffering from a chronic disease, at the time of her admission as a member, is manifestly against the weight of the evidence. It is elementary that a plaintiff must show such interest in the subject-matter of the suit as will entitle him to recover, if the evidence, in other respects, is sufficient. This is an action *ex contractu,* and the evidence fails to show any contractual relation between the plaintiff and the defendant. The money payable, by the terms of defendant's by-law, is not made payable to him, or to any one. The by-law simply provides that "the sum of $150 shall be paid out towards the funeral expenses, within thirty days, as long as there are $1,000 on hand. If this amount is not there, the members will be taxed." If the funeral expenses were paid from the estate of the decedent, then her executor, if she died intestate, or her administrator if she did not, would be the proper party plaintiff. This, on the ground that the contract was with her. In the case of a policy of insurance issued on A's life, for the benefit of B and C, the suit must be by A's personal representative, the executor or administrator, as the case may be, and cannot be by B and C, for whose benefit it was issued. Massachusetts Mut. Life Ins. Co. v. Robinson, 98 Ill. 324; U. S. Life Ins. Co. v. Ludwig, 103 *ib.* 305; Flynn v. N. A. Life Ins. Co., 115 Mass. 449; Wright v. Vermont Life Ins. Co., 164 Mass. 302.

In U. S. Life Ins. Co. v. Ludwig, *supra,* the insured had assigned a policy on his life to his three children. Held, that the assignees, the children of the assured, could not sue. There is no evidence that the plaintiff

paid any part of the funeral expenses. Neither is there any evidence that the society had, at the time of suit brought, $1,000 on hand, which is made a condition of payment, or that $150, or any amount, was raised to pay the amount claimed to be due, by taxation of the members. One or the other of these things must have existed to warrant recovery at law. If neither existed, the remedy, if any, is in equity. Benefit Ass'n v. Sears et al., 114 Ill. 108; Railway Conductor's Benefit Association v. Robinson, 147 Ill. 138.

The judgment will be reversed.

*Reversed.*