## Antonia Starcke, Administratrix, Appellee, v. Platt=duetsche Grot Gilde of the United States, Appellant.

## Gen. No. 15,988.

FRATERNAL BENEFIT SOCIETIES—*to whom certificate payable in absence of designation of beneficiary.* In the absence of the designation of a beneficiary in a certificate and in the further absence of any proof as to the provisions of the constitution and by-laws of the society, such

certificate is payable to the beneficiary or beneficiaries designated in the act providing for the organization of fraternal benefit societies. *Held,* in this case, that the right of action was in the widow of the member in her individual rather than in her capacity of administratrix.

Assumpsit. Appeal from the Circuit Court of Cook county; the HON. HENRY G. FREEMAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded. Opinion filed November 15, 1911.

FRANK F. ARING, for appellant.

JAMES R. WARD, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a suit by Antonia Starcke, as administratrix of the estate of her deceased husband, Albert Starcke, to recover the amount of a benefit certificate issued to said Albert Starcke, by the Plattduetsche Grot Gilde of the United States of North America, a fraternal beneficiary society organized under the laws of Illinois. A trial by jury in the Circuit Court resulted in a verdict and judgment against the society for $583.33, and this appeal followed.

The benefit certificate in question is in the German language, a correct translation of which, it is agreed, is as follows:

"No. 23. Chicago, Ill.

PLATTDUETSCHE GROT-GILDE OF THE UNITED STATES OF NORTH AMERICA.

Through my name underwritten I obligate myself, the Statutes of the Plattduetsche Grot-Gilde of the United States of North America, and in like manner those of the Plattduetsche Lodges, to acknowledge, and in case I am received in the Plattduetsche Lodge, Wachtel No. 13, and have made false statements, I herewith release all assurances on the part of the Plattduetsche Lodges. Further I direct the Plattduet-

sche Grot-Gilde after my death to pay the sum of five hundred dollars coming to me to $500 . . . . . . . . . .

Albert Starcke,
Members' Signature.

The Plattduetsche Grot-Gilde of the United States of North America pledges itself to pay after the death of Albert Starcke Member of the Plattduetsche Lodge Wachtel No. 13, if such member shall be in good standing at his death, five hundred dollars to the above named heirs.

Henry G. Martens, Grot-Meister.
August Waldau, Grot-Schriewer.

Showing that Albert Starcke by the making of this certificate No. 23 was a member of P. G. Wachtel No. 13, in good standing.

(SEAL.)

Wilhelm Lehmann, Meister.
Jul. Dreyer, Schriewer."

It will be observed that in the portion of the certificate preceding the member's signature, there is a blank space evidently intended to be filled in with the name of the beneficiary, but which was omitted, presumably by inadvertence. Following the member's signature appears the obligation of the society, to pay at his death "five hundred dollars to the above named heirs." In the absence of any proof in the record as to the provisions of the constitution and by-laws of the society, and considering the certificate alone, it must be construed as naming no beneficiary, and as being payable to the beneficiary or beneficiaries designated in the act providing for the organization of such societies. The certificate bears no date, but there is some evidence in the record tending to show it was issued to the insured in 1888. By the Act of 1887, relating to fraternal beneficiary societies, it was provided that such societies might be organized for the purpose of furnishing benefits, upon the death of a member, "to the widow, heirs, relatives, legal representatives, or the designated beneficiaries of such deceased member."

The Act of 1887 is controlling.   Voigt v. Kersten, 164 Ill. 314.

Appellant insists that, as the insured failed to designate a beneficiary in the certificate, the same is void and no recovery can be had thereon.   It is sufficient to say that the contrary has been held in Chicago Guaranty Fund Life Society v. Wheeler, 79 Ill. App. 241, and in Knights of Honor v. Menkhausen, 209 Ill. 277, and the cases there cited.

Appellee, however, in her capacity as administratrix of the estate of the insured, cannot recover upon the certificate.   As the widow of the insured, she, in her individual capacity, is, under the Act of 1887, entitled to priority of right in the fund (Chicago Guaranty Fund Life Society v. Wheeler, *supra*,) and an action on the certificate must be maintained in her name. People v. Petrie, 191 Ill. 497; Knights of Honor v. Menkhausen, *supra*.

The cases cited by appellee, in which it was held that the right of action was vested in the personal representative of the insured, are clearly distinguishable from the case at bar.   In Heubner v. Metropolitan Life Ins. Co., 146 Ill. App. 282, it was held that the right of action upon a policy payable to a person equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for her burial, was in the personal representative of the insured.   In Marlitt Deutscher Frauen Verein v. Mueller, 140 Ill. App. 621, funeral benefits only were recoverable.   In Mass. Mut. Life Ins. Co. v. Robinson, 98 Ill. 324, and U. S. Life Ins. Co. v. Ludwig, 103 Ill. 305, the policies were expressly made payable to the ''assured, his executors, administrators or assignees.''

In the case at bar, upon the record as made, the widow of the insured, and not the administratrix of his estate, is the proper party plaintiff.

The judgment is reversed and the cause remanded.
                              *Reversed and remanded.*