## Oscar T. Griffith, Defendant in Error, v. The Prudential Insurance Company of America, Plaintiff in Error.

## Gen. No. 16,746.

1. INSURANCE—*right to sue on policy.* It is error to refuse to direct a verdict for the defendant, where on action by the son of insured on a policy payable to the executor or administrator of insured, and providing further that the company might make payment to certain others described who may appear to be equitably entitled by reason of having incurred expense on behalf of deceased, it does not appear that the son is the executor or administrator or that he incurred any expense on behalf of the deceased.

2. INSURANCE—*who may sue.* A provision in an insurance policy, that the company may make any payment provided for thereby to any relative of the insured, or anyone appearing to the company to be equitably entitled, is a mere privilege which the company is not obliged to exercise.

3. INSURANCE—*when tender back and refusal of premium does not affect rights of parties.* An action by the son of insured on an insurance policy which provides for payment to the executor or administrator and that payment may be made to certain others if equitably entitled, the rights of the parties are not changed by the fact that the company denied liability and made an offer to return the premium, which was refused.

Error to the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded. Opinion filed October 3, 1912.

HOYNE, O'CONNOR, HOYNE & IRWIN, for plaintiff in error; CARL J. APPELL, of counsel.

No appearance for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This writ was sued out by The Prudential Insurance Company of America, a corporation, plaintiff in error and hereinafter called the company, to reverse a judg-

ment rendered against it, June 7, 1910, for $122.50, in the Municipal Court of Chicago, in favor of Oscar T. Griffith, defendant in error. The action was brought on a life insurance policy issued by the company insuring the life of Mary E. Griffith, the mother of plaintiff. No appearance has been entered in this court by defendant in error, hereinafter called plaintiff.

The material facts are as follows: In November, 1909, Mary E. Griffith, at Breckenridge, Missouri, made application for insurance and, on November 22, 1909, a policy was issued to her by the company. The policy provided that the amount of insurance specified therein should be paid by the company at its home office in Newark, New Jersey, "unto the executors or administrators of the insured," unless settlement should be made as provided in another clause of the policy, immediately upon receipt of due proof of the death of the insured during the continuance of the policy. The other clause of the policy is as follows:

"The company may make any payment provided for in this policy to any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, for his or her burial or, if the insured be more than fifteen years of age at the date of this policy, for any other purpose, and the production by the company of a receipt signed by any or either of said persons or of other sufficient proof of such payment to any or either of them shall be conclusive evidence that such benefits have been paid to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."

The policy contained this further provision, to-wit:

"The company's liability under this policy shall be limited to a return of the premiums paid hereon if the insured die before the date hereof, or if on said date the insured be not in sound health."

The insured died on December 17, 1909, less than one month after the date of the policy, at the home of one of her sons in Breckenridge, Missouri, with whom she had been living. Plaintiff was also a son of the deceased residing in Chicago, Illinois, and the deceased left her surviving a third son, residing at St. Joseph, Missouri. Shortly after her death plaintiff made a demand upon the company for the payment to him of the amount claimed by him to be due under the policy. The company claimed that the insured was not in sound health at the date of the issuance of the policy, wherefore, under one of the provisions of the policy above mentioned, the company's liability was limited to the return of the premiums received, and on January 31, 1910, a superintendent of the company in Chicago, wrote plaintiff as follows:

"I am in receipt of a communication from our Claim department authorizing me to adjust claim under policy on the life of Mary E. Griffiths by the return to you of the premium paid thereon which amounts to $2.10, which I will be glad to do if you will call at my office. If it is not convenient for you to call, kindly advise me where and the most convenient time one of our representatives could call on you."

Plaintiff did not accept the offer and shortly thereafter commenced this suit. It was not claimed at the trial that plaintiff was the executor or administrator of the deceased. Nor did the testimony show that he incurred any expense on behalf of the insured for her burial or for any other purpose. It was admitted that all premiums due on the policy had been paid.

At the close of plaintiff's evidence a motion was made to direct a verdict for the company because the evidence did not show any right in the plaintiff to maintain the action. The court denied this motion, and, the company electing not to offer any evidence, the court instructed the jury to find for the plaintiff for the full amount of his claim. The jury returned

a verdict in accordance with the instruction and judgment was entered on the verdict.

We think the court erred in refusing to direct a verdict for the company and in entering the judgment. The policy being payable by its terms to "the executors or administrators of the insured," they alone, under the facts of this case, were entitled to bring suit. Bailey v. New England, etc. Ins. Co., 114 Mass. 177; Massachusetts, etc. Ins. Co. v. Robinson, 98 Ill. 324; Heubner v. Metropolitan, etc. Ins. Co., 146 Ill. App. 282. The provision in the policy that "the company *may* make any payment * * * to any relative * * * of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, for her burial or * * * for any other purpose," is a mere privilege or option which the company is not obliged to exercise, and which it did not exercise in this case. Ferretti v. Prudential Ins. Co., 49 Misc. (N. Y.) 489. Plaintiff did not show that he incurred any expense for the burial of the insured or for any other purpose. Heubner v. Metropolitan, etc. Ins. Co., *supra*. And the fact that the company offered to return to plaintiff the $2.10, paid as premiums thereon, which offer he did not accept, cannot change the rights of the parties. The judgment of the Municipal Court is reversed and the cause remanded.

*Reversed and remanded.*