NO. 7773                          STATE OF LOUISIANA

SUCCESSION OF R. B. JOHNSON

        VS                        COURT OF APPEAL

GRAND LODGE OF ODD FELLOWS (COL)  PARISH OF ORLEANS.

7773

St. Paul, Judge.

The deceased was a widower with only one son who was above the age of majority. Being a member of the defendant benevolent and Fraternal Association, he obtained therein a certificate of endowment payable to his estate; and for reasons satisfactory to himself the endowment was subsequently made payable to a third person, to whom the defendant paid the benefit.

The son, as administrator of his father's succession, and ultimate beneficiary if successful herein (for the estate is solvent) seeks to recover the amount of said benefit from the defendant on the ground that the change of beneficiary was ultra vires and the payment thereunder void.

In Widow Lebray against the same defendant (No. 7122) we held, that as the chartered purpose of this defendant was "to provide relief for the widow and orphans of its deceased members by endowment or otherwise," a by-law allowing members to name other beneficiaries was in conflict with the charter and therefore ultra vires.

On the first hearing, however, we held that the charter provisions were not self operative and "did not ex proprio vigore entitle the widow and orphans of a deceased member to the proceeds of an endowment taken out by him in favor of another person under the by laws permitting him to do so,

(that) they must point ot some law, regulation or contract giving them the endowment, or they were without interest." And in support of their want of right to complain because of their want of interest in the fund, we cited 29 Cyc ¶105 (and authorities)

But on rehearing we held, that the charter provisions _were_ self operative; and hence as the widow had a right to the benefit under those provisions, she was to be preferred to a stranger who claimed under a by law in conflict therewith.

But nothing in the opinion on rehearing conflicts with the main principle laid down in the first opinion that one unable to show a right in himself is without interest to question acts done between other parties.

### I.

The question then arises whether this plaintiff has, as administrator or individually, any such right to the benefit as to give him an interest to complain of the payment made by the defendant to the third person as aforesaid.

As administrator, if suing only for the benefit of creditors, he ceratinly has _not_. 29 Cyc 162; Rules and Regulations of Endowment Bureau, Art 2 Sec 9.

### II.

It remains therefore to examine whether plaintiff individually, who in this instance would ultimately take the benefit, has any interest in the fund. If so it is only because he is an

orphan within the meaning of the charter.

### III.

The word "orphan" is derived from the Greek, and means primarily "bereft". As a noun it is used to describe a <u>child</u> bereft of parents (Lexicographers generally)

Now the word child certainly means progeny, but it also has another meaning; thus we have childhood, childish, childlike, etc.

It has a sense narrower than the word "person" and limits the idea which that word alone would convey by distinguishing between persons either on account of generation (parent , *child*) *or on account of parentage (my child, your child)* ~~person)~~ or on account of age (a man, a child).

But as the Lexicographers, whose purpose is accuracy, in defining an orphan describe him as a "child" instead of merely a "person" they certainly mean to limit the definition in some way; and no other limitation than that of age is susceptible of reasonable explanation.

Hence in common speech orphan applies only to an infant or minor.

As a law term it is the same; An orphan is a minor or infant who has lost both parents (or only one). Bouvier Law Dictionary; 29 Cyc 1531; Chicago Society vs Wheeler, 79 Ill. App. 241, 244. An orphan is a minor who has lost one or both parents. Heiss vs Murphy, 40 Wisconsin 276, 291. The term orphan children does not include adults, i. e. persons of full age. Hammerstein vs Persons, 29 Mo. App. 509.

It is quite true however that the word orphan, by reason of its derivation, may be strained to include any person bereft of parents, and it is equally true that it has been so strained at times to accomplish some purpose. Thus in Fischer vs Malchow, 101 N. W. Rep 602 (Minn) where a mother had designated as beneficiary her son of full age the policy was maintained because the word orphan had been used by "mothers" unfamiliar with legal terms and not intended in a strictly legal sense. And again in Renner vs Supreme Lodge 92 N. W. Rep 80 (Wis) where the policy was in favor of a man's daughter, the policy was maintained because as she was during life his stepdaughter it followed that by his death she became his orphan. Her age was not involved.

Klee vs Klee, 93 N. Y. Sup. 590; and Berdon vs Insc Co, 99 N. W. Rep 411 (Mich), are other examples of strained construction, though in neither case was the question of age involved or even the word orphan itself.

But this much is certain that in all these cases the construction was forced in order to uphold the beneficiary under the policy and thus carry out the will (wishes) of the deceased; not for the purpose of defeating that will, as we are here asked to do.

Under the circumstances we think it safe to follow the

common and legal acceptance of the term.

The judgment appealed from is therefore reversed and it is now ordered that plaintiffs demand be rejected at his cost in both courts.

New Orleans, La, March      1920.