THE PHŒNIX INSURANCE COMPANY

V.

MARY ANN WHITELEATHER.

*Fire Insurance—Action on Policy—Conditions—Representations of Assured as to Title—Acts of Agent—Title by Possession—Payment of Taxes.*

1.   It is not necessary that a title in fee simple should always be shown or deducible by record. Such title may result from sufficient length of possession to bar an action, or from possession and the payment of taxes under color of title for the time required by law.

2.   Where all the facts which concern and relate to the title of the property to be insured, and the nature and character of the risk, are fully and fairly detailed to an insurance agent, and the agent, with such knowledge, writes statements in the application or in the policy inconsistent with such information and which are not in fact true, the company will not afterward be allowed to defeat a recovery on the policy on the ground that such statements are not true, and this notwithstanding the policy may declare the agent to be the agent of the assured.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. GEORGE W. THOMPSON and E. P. WILLIAMS, for appellant.

Mr. A. M. BROWN, for appellee.

C. B. SMITH, J.   This was an action on an insurance policy issued by appellant to appellee on her house, barn and household goods, insuring them against fire to the amount of $875. The declaration avers that after said policy had been issued to her and while it was in force the house and household goods were entirely consumed by fire to the damage of the plaintiff of $750.   The general issue and numerous special pleas were filed upon which issue was joined.

The special plea under which the chief, if not the only defense was made, alleged that appellee made a written application for the policy and made certain answers therein concerning her title to said property insured and its value and amount, and that said application and the policy contained a warranty that all of such answers were true in all respects.   And it is also averred that several of said answers were not true. Among other things in this application appellee answered that she was the sole owner in fee simple of the land on which the house stood, and that the lot of land contained sixty-two acres, and it is averred that these answers, being false, avoid the policy.

Appellee in her replications averred that she was in fact the owner in fee of the land; denied the warranty and alleged that at the time the application was made to her for this insurance by the agent of appellant she fully and carefully explained to him the nature and character of her title, and gave all her title papers to the agent of appellant, and requested him to examine them for himself and to determine just what the nature of her title was, and that he did so examine her title and informed her that she was the owner of the land.   After numerous other replications and rejoinders, an issue was formed

and the cause heard by the court by agreement without a jury. The court gave judgment for appellee for $739.24, and appellant now appeals to this court and assigns the usual errors and insists on a reversal of the judgment.

It appears that some twenty-five years ago appellee's husband, John Whiteleather (now deceased), and his brother, Joshua Whiteleather, were the joint owners of the land on which this house stood. There was about five acres of the land then, and the two brothers bought the land with a saw-mill on it at a price of $3,000, and the deed was made to them jointly. This purchase was in 1861. The chief value of the property consisted in the mill.

After running the mill two or three years together, Joshua sold his interest in the mill to his brother John, but no deed to the land was made. After this sale, which was about 1865, Joshua took the proceeds of his half of the mill and went to Ohio and remained there a long time. He has not lived in Illinois for over twenty-five years, and never returned until about thirteen years ago to make his brother a short visit, after which he again left and went back to Ohio and has not been here since. John Whiteleather and his wife remained in possession of this property up to 1880, when John died, and since that appellee has remained in possession, and during her husband's life he paid all taxes, and since then appellee has paid all taxes, made improvements and repairs on the place, and has had the exclusive control and possession of the premises. Since Joshua Whiteleather sold his interest in the mill and went to Ohio he has never made any claim to this property nor any part of it. When here on a visit thirteen years ago he made no claim to it. He has never paid any taxes on it. It will thus be seen the plaintiff and her husband have had exclusive, peaceable possession of this lot of ground for over twenty years.

It is not necessary that a fee should always be shown or deducible of record. Title in fee simple may result from sufficient length of possession to bar an action or from possession and the payment of taxes under color of title for the time required by law.

Appellee claims title from another source.  On the 13th day of December, 1875, John Whiteleather made a quit claim deed to this lot of land to Matthew S. Shepard in trust for his wife, and on the same day Shepard and his wife made a quit claim deed to appellee ; the consideration paid by appellee being $1,000 and interest thereon for a long number of years, amounting in all at the time of the conveyance to the sum of $2,600.  The $1,000 appellee had inherited from her father's estate.  Under this last deed appellee had possession and paid all the taxes on the land for over eleven years.  This deed purported to convey to her the whole interest in the land and was color of title bought in good faith, and with possession and payment of all taxes for seven successive years, gave her an absolute and indefeasible estate in fee simple, good against all the world, under the seven years statute of limitation.  Holloway v. Clark, 27 Ill. 483; Winslow v. Cooper, 104 Ill. 235.

After she received her deed from Shepard her possession thereupon at once became adverse and the statute began immediately to run against all the world.  Angell on Limitations, 5th Ed., Secs. 428, 429, 430, 432.  We think the proof shows that appellee had in fact the title in fee to this land under the deed from Shepard and wife to her, under the seven years statute of limitations, and it is not necessary to decide what effect Joshua's long absence had upon his supposed interest in the land except to say the proof shows that during all this time appellee and her husband were occupying the land and claiming adversely to the absent brother, and after her husband's death she continued to claim in like manner.  We think, also, the proof shows that when the brother went to Ohio he then relinquished all his claim on the ground to his brother.

But, conceding the position assumed by appellant, that Joshua Whiteleather still had some interest in this land, and that the application was not in point of fact true, still, that will not avail appellant under the proof in this record. The proof is clear and strong and no denial of it, that Mr. Adams, an attorney at law, was the agent for appellant in procuring this policy of appellee.  She and her daughters swear

that when Mr. Adams came there to solicit this insurance he was told by appellee that she was already insured in the Rockford, and had no desire to change it. She and her daughters swear that she told him all she knew about the condition and character of her title and that she did not know what kind of a title it was, but told him he would know how to fix it, that she wanted it right. In addition to telling this agent and attorney of appellee all she knew about it, she got all the papers and her deeds relating to her title and showed them to the agent and told him to examine them and fix it right. She also told him the Rockford policy had Joshua's name in it and she did not know whether it ought to be in or not. The agent told her he would examine the matter and fix it right and if the company accepted her risk they would issue and send her the policy, and if not, they would return the Rockford policy. In due course of time this policy was made out and returned, and the Rockford policy kept by appellant. It has been repeatedly held and very properly, we think, in this State, that where all the facts are fully and fairly detailed to the agent, which concern and relate to the title of the property to be insured, or the nature and character of the risk, and the agent with such knowledge writes statements in the application or in the policy inconsistent with his information and which are not in fact true, the company will not afterward be allowed to defeat a recovery on the ground that such statements are not true. Rockford Ins. Co. v. Nelson, 75 Ill. 548; Union Ins. Co. v. Chipp, 93 Ill. 96. Notice of the character of the title to the broker or agent who procures the insurance is notice to the company, notwithstanding the policy may declare that such agent or broker is the agent of the assured. Chipp's case, *supra*. If this policy did not correctly state appellee's title it was the fault of the company, who undertook through its agent to determine from appellee's statements and her title papers, what her title was, and having determined it for itself, and in accordance with such finding stated it in the policy, the company shall not now be permitted to say that it made a mistake, and will, therefore, not be bound to pay the loss.

To allow the company to repudiate the act and knowledge of its agents after having been paid for the risk, and retain the Rockford policy, would be to allow it to perpetrate a gross fraud.

Much stress is placed on appellee's alleged statements to the adjuster that Joshua White'eather had a part or half interest in the land. Conceding she made the admission, it is very clear that she was mistaken, and did not know the legal effect of her deed to this land from Shepard, nor the effect or consequence of the twenty-five years absence of Joshua Whiteleather, nor the effects of her long adverse possession of this land.

The only other question argued or relied upon by appellant relates to the value of the house destroyed.

We have examined the testimony on that branch of the case and are fully satisfied with the finding of the court in that respect. While the evidence is conflicting, we can not say it does not support the finding of the court. After a diligent examination of this record, we have been unable to find any merit in the defense, in fact or law, and we are of opinion that the finding and judgment of the court was correct. The judgment will therefore be affirmed.

*Judgment affirmed.*