THE ROYAL NEIGHBORS OF AMERICA

v.

JOSEPH E. BOMAN.

*Opinion filed December 21, 1898.*

177 27
80a 389

177 27
179 489

177 27
85a 151

177 27
91a ³369

177 27
94a ³120

177 27
201 ³263

177 27
113a ² 88

1. INSURANCE—*for which party an agent acted is a question of fact.* For which party to an insurance contract a medical examiner acted is a question of fact which is open to inquiry, notwithstanding the recitals of the contract upon that question.

2. SAME—*medical examiner acting for company is its agent.* The regular examining physician of an insurance company is the agent of the company, and the latter is bound by his acts within the scope of his authority, notwithstanding an express stipulation in the application for insurance that the applicant makes him her agent.

3. SAME—*validity of insurance not affected by false answers inserted by agent.* False answers inserted by a medical examiner, in an application for insurance, to questions which the applicant has answered truthfully, do not invalidate the insurance, although the application stipulates that the examiner is the applicant's agent.

4. SAME—*stipulation in application that medical examiner is acting for applicant does not work estoppel.* A stipulation in an application for insurance that the medical examiner is the agent of the applicant does not estop the beneficiary from showing that the examiner inserted false answers to questions in fact answered correctly.

*Royal Neighbors of America* v. *Boman,* 75 Ill. App. 566, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Adams county; the Hon. JOHN C. BROADY, Judge, presiding.

Appellant is a fraternal beneficiary society, organized as a corporation under the laws of the State of Illinois, and has a local camp at Quincy known as "Queen of the West Camp No. 51." On February 7, 1895, Sarah F. Boman, wife of appellee, being then a member of the local camp, made application for a benefit certificate at the office of Dr. F. S. Meacham, who was at that time the duly elected regular medical examiner of appellant. As such, the doctor made a medical examination of Mrs. Bo-

man, and at the same time filled out the answers to the questions in the application blank. On May 10, 1895, a benefit certificate was issued to her on her life, by appellant, in the sum of $1000, payable at her death to Joseph E. Boman, appellee. Mrs. Boman died May 29, 1896, in good standing in the order. The required proof of death was made, but appellant refused to pay the money provided for in the policy. Appellee then filed his bill in chancery in the Adams county circuit court to compel the order to levy and collect an assessment and pay to him the amount of the certificate. Appellant answered the bill, and interposed as an affirmative defense that Mrs. Boman, in her application for the benefit certificate, had made untrue and fraudulent answers to questions in relation to her previous condition of health, such as, under the terms of the contract, would forfeit all rights to the benefits promised in the certificate.

The application signed by Mrs. Boman contains the following clause:

"34. I have verified each of the foregoing answers and statements, adopt them as my own, whether written by me or not, and declare and warrant that they are full, complete and literally true, and I agree that the exact, literal truth of each shall be a condition precedent to any binding contract issued upon the faith of the foregoing answers, and I hereby constitute and make the officers of the local camp of the Royal Neighbors of America who have aided in making this application my agents for such purpose. I further agree that the foregoing answers and statements, together with the preceding declaration, shall form the basis of the contract between me and the Royal Neighbors of America, and are offered by me as a consideration for the contract applied for, and hereby made a part of any benefit certificate that may be issued on this application, and shall be deemed and taken as a part of such certificate; that this application may be referred to in said benefit certificate as the basis thereof, and that

they shall be construed together as one entire contract; and I further agree that if any answer or statement in this application is not literally true, or if I shall fail to comply with and conform to any and all of the laws of said Royal Neighbors of America, whether now in force or hereafter adopted, that my benefit certificate shall be void."

The certificate issued to Mrs. Boman contains the following:

"*First*—That the application and medical examination, which is made a part hereof, of said Sarah F. Boman for membership in the beneficiary department of this order, and which is on file in the office of the beneficiary recorder and is hereby referred to and made a part of this contract for benefit, is true in all respects, and that the literal truth of such application, and each and every part thereof, shall be held to be a strict warranty, and to form the only basis of the liability of this order to such member and to his beneficiary or beneficiaries, the same as if fully set forth in this benefit certificate.

"*Second*—That should said application, and each and every part thereof, not be literally true, then this benefit certificate shall, as to the member, his beneficiary or beneficiaries, be absolutely null and void."

It appears from the evidence that after the medical examiner had filled up the blanks in the application, Mrs. Boman signed it without reading it. The answers, as written by the doctor, to some of the questions were untrue, but the chancellor, in passing upon the facts upon the hearing, found that Mrs. Boman made truthful answers to the questions but that the answers inserted by the doctor were not those given by her, and that he was acting as the agent of the defendant.

The circuit court rendered a decree against appellant for the sum of $1043.50. On appeal to the Appellate Court the decree was there affirmed, and appellant now prosecutes this further appeal.

J. G. JOHNSON, and J. W. WHITE, for appellant.

HAMILTON & WOODS, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The questions presented for decision in this cause arise upon the construction and effect to be given, under the circumstances of this case, to the foregoing clauses contained in the application and certificate. It is contended on behalf of appellant, that by the terms of the application appellee is estopped from asserting that Dr. Meacham was the agent of the order, and not of the applicant for the certificate. Evidence was admitted on the hearing, over the objection of appellant, to establish the real position of the medical examiner in relation to applications for benefit certificates. The question as to whose agent Dr. Meacham was is one of fact, to be determined from all the evidence bearing on that subject, and not merely from the statement in the application that he was the agent of the assured. The question is open to inquiry and may be shown by parol, notwithstanding the express stipulation that he was to be regarded as the agent of appellant. (*Lumbermen's Ins. Co.* v. *Bell*, 166 Ill. 400; *Firemen's Ins. Co.* v. *Horton*, 170 id. 258; *Phenix Ins. Co.* v. *Stocks*, 149 id. 319.) The Superior Court of Tennessee, in a case very similar to this, held that one who acts as a medical examiner for an insurance company, which ratifies his examination of an applicant, is its agent in respect to such examination, notwithstanding a recital in the application that he shall be regarded as the agent of the applicant as to all statements made by the latter. (*Endowment Rank Knights of Pythias* v. *Cogbill*, 41 S. W. Rep. 343.) While such stipulations are now usually inserted either in the application or in the policy, yet they cannot change the facts, and where a duly appointed agent of the company acts in its behalf, within the scope of his authority as otherwise determined, his

acts are binding upon the company. (See 11 Am. & Eng. Ency. of Law, 334, and cases there cited.) We perceive no sound ground, on the testimony, to reverse the finding of the chancellor that Dr. Meacham, at the time he received Mrs. Boman's application, was the agent of appellant.

Appellant contends that it was the duty of the applicant to read the application and to know what she signed, and failing to do so the beneficiary is estopped from questioning the truth of the answers therein contained, and the case of *New York Life Ins. Co.* v. *Fletcher*, 117 U. S. 519, is cited in support of this view. The case cited, and all cases which follow its doctrine, proceed upon the ground that the assured cannot escape the duty of reading the application, which must be the basis upon which his insurance will rest; but the majority of the various State courts, for good reasons, as we think, seem not to have adopted the views therein expressed. Whether the beneficiary should be estopped from questioning the truth of the answers contained in the application also depends upon the peculiar facts of each case and the relation of the parties. As is well said on this subject in a note to *Wheaton* v. *North British Ins. Co.* 9 Am. St. Rep. 233: "The ground thus taken, though defensible when viewed in connection with ordinary contracts and writings, is more questionable when used to support the claim that the assured, rather than the insurer, shall suffer from the fraud of the latter's agents. It is notorious that contracts of insurance are, on the part of the assured, entered into without the advice of counsel, and chiefly upon the representations of the agents of the insurer. Such agent is justly looked upon as the accredited agent of the company, in whom it has confidence and holds out as worthy of the confidence of its patrons. Furthermore, the assumption is perfectly natural that he knows just what information his principal desires and in what language it may be best expressed, and human nature must be far

different from what it is now before the average appli-
cant for insurance can be taught that he must be deaf to
the representations of the agent while he sharpens his
comprehension and applies it to the careful scrutiny of
the insurance stationery, which, even without the sug-
gestion of the agent, it is impossible for him to regard
as other than a mere 'matter of form.'" So in this case,
when, in answer to the question as to whether or not she
had ever had bronchitis, Mrs. Boman told him she had
had an attack of "acute bronchitis," and Dr. Meacham
said "it was of no consequence" and inserted "no" in an-
swer to the question, she had a right to rely on his state-
ment, on the theory that he knew just what information
his principal desired and how it should be expressed. He
was acting in the interests of the order, and his knowl-
edge must be held to be the knowledge of the principal.
It was his duty to ascertain the actual facts about this
risk, and his report to the company must, where no fraud
or intent to deceive on the part of the applicant is shown,
be conclusive upon it. Where one makes true answers to
the questions in an application for insurance, the validity
of the insurance is not affected by the falsity of the an-
swers inserted by the agent of the company, even though
the application contained a stipulation that the agent
took the application as the agent of the insured. *Bernard*
v. *United Life Ins. Co.* 39 N. Y. Supp. 356; *Clubb* v. *Am. Acc.
Co. of Louisville,* 97 Ga. 502; *Insurance Co.* v. *Wilkinson,* 13
Wall. 222; *Andes Ins. Co.* v. *Fish,* 71 Ill. 620.

Under the circumstances of this case the beneficiary
is not estopped to question the truth of the statements
made in the application, and the finding of the chancellor
in that respect was correct.

We are satisfied the decree of the circuit court finding
in favor of appellee, and its affirmance in the Appellate
Court, are right.                    *Decree affirmed.*