THE PROVIDENT SAVINGS LIFE ASSURANCE SOCIETY

*v.*

ISAAC CANNON, Admr.

*Opinion filed February 18, 1903.*

1. INSURANCE—*notice to agent of facts material to the risk is notice to the insurer.* Notice to the agent, at the time of the application for the insurance, of facts material to the risk is notice to the insurer, and will prevent it from insisting upon a forfeiture for causes within such agent's knowledge.

2. SAME—*when insurer is estopped to insist upon forfeiture.* The insurer is estopped to insist that statements in an application are warranties, the falsity of which forfeits the policy, where such statements are but the conclusions of the agent, put in by him in lieu of the facts disclosed to him by the assured.

*Provident Sav. Life Assur. Soc.* v. *Cannon,* 103 Ill. App. 534, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Crawford county; the Hon. E. E. NEWLIN, Judge, presiding.

This was an action in assumpsit, brought by the appellee, Isaac Cannon, as administrator of the estate of William Cannon, deceased, on a policy of insurance for $5000 issued by appellant, the Provident Savings Life Assurance Society of New York, on the life of the deceased. The application for the policy was made August 23, 1899, and the policy is dated September 9, 1899. William Cannon died December 16, 1899, and the appellant refused to pay the amount of the policy, alleging that a number of the statements of the assured in his application, declared to be warranties by the policy, were fraudulent or untrue. A jury trial was had, resulting in a verdict and judgment for appellee. On appeal this judgment was affirmed, and the defendant below has further appealed to this court.

OTIS H. WALDO, and CALLAHAN & JONES, for appellant.

GEE & BARNES, J. E. MCGAUGHEY, and BRADBURY & MCHATTON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellant contends for the proposition, and has supported its contention with elaborate arguments and citation of authorities, that the statements made by the intestate of appellee in his application to secure the insurance policy sued on are warranties, and therefore if any of them are untrue, evasive or so made as to conceal any fact fairly called for by the questions, whether intentional or not and whether material or not, there can be no recovery. Appellant maintains that the language

of the application and the policy is such, that the insurance contract arising therefrom is not subject to the rule that when the contract contains language which cannot be given effect without assuming that the statements of the assured are representations, they will be so considered, notwithstanding the policy states that they are to be deemed warranties. *Continental Life Ins. Co.* v. *Rogers,* 119 Ill. 474.

On the facts of this case it is not material what is the construction to be given to the insurance contract here sued on. The jury, at the request of appellee, returned answers to a number of special interrogatories, from which it appears that they found that John G. Buchanan, who took the application for insurance of William Cannon, was the agent of appellant; that at the time he took the application he was acquainted with the fact of the sickness of William Cannon in November, 1896; that he then knew that Cannon had been refused insurance by the DesMoines Life Association; that Cannon had made no false answers or suppressed any material facts either to the agent or the medical examiner; that the medical examiner knew of the sickness in 1896 and the rejection by other life insurance companies; that the agent wrote the answers in the application and did not read them over to Cannon. These findings are supported by the testimony and must be taken as true, the Appellate Court having affirmed the judgment below.

Notice to the agent, at the time of the application for the insurance, of facts material to the risk is notice to the insurer, and will prevent it from insisting upon a forfeiture for causes within the knowledge of the agent. (*Phenix Ins. Co.* v. *Hart,* 149 Ill. 513; *Home Ins. Co.* v. *Mendenhall,* 164 id. 458.) Where the assured discloses facts to the agent, and the agent undertakes to fill out the application, and instead of stating the facts as they are disclosed to him inserts in lieu thereof conclusions of his own, the insurance company will not be permitted to in-

sist that the words of the agent, and not of the assured, are warranties, rendering the policy void. *Phenix Ins. Co.* v. *Stocks,* 149 Ill. 319; *Royal Neighbors of America* v. *Boman,* 177 id. 27; *Teutonia Life Ins. Co.* v. *Beck,* 74 id. 165.

While some of the instructions given are open to the criticism that they proceed on the assumption that the statements made by the assured in his application are to be treated as representations, and not as warranties, yet no harm was done by them to appellant in this case, for the reason already stated, that appellant was estopped by the acts of its agent from insisting that the statements, whether treated as representations or as warranties, were untrue.

It is further urged that it was error for the court to refuse to give an instruction in relation to the question in the application, "Give the name and residence of your usual medical attendant," the answer to which, it was alleged, was untrue. There was no evidence as to who was the usual medical attendant of the assured at the time the application was made. The application was made in 1899. Dr. Ziegler, who, it is claimed, was his usual medical attendant, and not Dr. Camplain, as the assured had answered, himself testified that he attended the deceased professionally in 1896; that after that, the next year, he removed from his former place of residence and never treated him professionally. It might well be that during the years following his removal, and before the application of Cannon in 1899, Cannon had secured another physician as his medical attendant, as stated in his answer. The instruction was properly refused.

Finding no material error the judgment will be affirmed.                             *Judgment affirmed.*