## Josephine Picek, Appellee, v. The Modern Brotherhood of America, Appellant.

### Gen. No. 17,885.

1. INSURANCE—*when examining physician is not agent of applicant.* An examining physician did not remember whether a question whether any of the applicant's relatives had been affected with tuberculosis, to which he placed the answer "No," was so answered by the applicant. The question was translated and not asked in the exact language inserted in the application, and if an applicant did not have the knowledge the examiner used his own judgment and usually put down "No." There was evidence that the insured stated she did not know of what various relatives died. *Held*, the physician was acting as agent for the insurer.

2. INSURANCE—*validity not affected by false answers inserted by an agent.* Where one makes true answers to the questions in an application for life insurance, the validity of the insurance is not affected by the falsity of the answers inserted by the agent of the company.

3. INSURANCE—*when answer in application is not that of applicant*. The father and uncles of an applicant for life insurance had died of quick consumption. The examining physician did not remember whether a question whether any of the applicant's relatives had been affected with tuberculosis, to which he placed the answer "No," was so answered by the applicant. The question was translated and not asked in the exact language inserted in the application, and if an applicant did not have the knowledge the examiner used his own judgment and usually put down "No." There was evidence that applicant stated that she did not know of what disease the relatives died. The insured died of tuberculosis. *Held*, in an action on the death benefit certificate, the jury were warranted in finding that the answer was not that of the applicant.

Appeal from the Municipal Court of ·Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed January 28, 1913.

GEORGE M. BOYD, for appellant.

OTTO KERNER and DEWITT C. JONES, for appellee.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

Recovery was had in this case by appellee upon a death benefit certificate issued to her daughter, Rose Sevcik, taken out for the benefit of the mother by the daughter in The Modern Brotherhood of America, the appellant. The application was made on September 16, 1908, and the certificate issued nine days thereafter. Rose Sevcik died on June 8, 1910, and a certificate of the Department of Health of the City of Chicago was introduced in evidence, certifying that the death was caused by pulmonary tuberculosis.

The basis of the defense of the suit is the charge that in the application for membership a false answer was made by the applicant to the following question: "Has either of your parents, or any of your brothers, sisters, uncles, aunts or grandparents been affected with rheumatism, insanity, tuberculosis, scrofula or any hereditary disease?", the answer being "No."

The certificate provided that "the application for membership, including the physician's report, a copy of which application and report is hereto attached, shall together constitute the exclusive contract between this society, the member and the beneficiary." It is asserted by the appellant that the proof shows that the father and uncle of Rose Sevcik died of consumption. The testimony tends to show that John Sevcik, the father of Rose, died in January, 1910, when Rose was less than ten years of age; that he, the father, was treated ten days for consumption; that her uncle, Karel Sevcik, died of quick consumption in 1905, after treatment of one week; and that another uncle, who after being treated four or five times for pneumonia, died in 1905 from quick consumption resulting from the attack of pneumonia. The examining physician testified that he did not remember whether the question to which he placed the answer "No" was so answered by the applicant. The parties were Bohemian, and the physician testified that it would have been of no use to put the question in the language inserted in the application, because the applicant would not understand it; that he translated it and asked whether or not any relations ever had consumption or died of consumption; that usually applicants knew; that if an applicant said "No" or that he did not know, the witness used his own judgment and usually put down "No."

A witness for appellee testified that she was selected at the lodge meeting to take the applicant, Rose Sevcik, to the doctor for examination; that she was present at such examination, and that the applicant said that she had brothers and sisters; that her father was dead; that she was a young child when her father died and did not know what he died of, but had heard that he died of pneumonia; that she did not know of anybody in her family who had consumption or rheumatism; that her mother and sisters were living; that she was asked as to her uncles, and answered that she did not know

116   APPELLATE COURTS OF ILLINOIS.

Picek v. The Modern Brotherhood of America, 177 Ill. App. 113.

any, so that she did not know whether they had any such disease or not; that her grandparents were still living.

It is clear that the physician was acting as agent for appellant. Royal Neighbors of America v. Boman, 177 Ill. 27. The case cited is also authority for the proposition that where one makes true answers to the questions in an application for insurance, the validity of the insurance is not affected by the falsity of the answers inserted by the agent of the company.

It has been held that where there is testimony that the answers written by the society's examining physician do not correspond with those given by the applicant, and were not read over to the applicant, and this testimony is not denied by the examining physician, who was a witness, the contract may not be canceled. Arnhorst v. National Union, 179 Ill. 486.

We think the jury were warranted in reaching the conclusion that the answer "No" to the question heretofore set forth was inserted by the examining physician, and that it was not the answer of the applicant, Rose Sevcik. Having come to this determination, it is unnecessary for us to consider other questions raised in the brief such as the distinction between representations and warranties; whether or not there was a misrepresentation of a material fact by the applicant; whether or not the disease from which Rose Sevcik died is to be classed as an "hereditary disease," etc.

We have carefully examined the record, and are of the opinion that there was no error in the charge of the court to the jury, or in the admission or rejection of testimony, such as should call for a reversal of the judgment. The judgment will therefore be affirmed.

*Affirmed.*