(No. 19366.—

STELLA GUTER, Plaintiff in Error, *vs.* THE SECURITY BENEFIT ASSOCIATION, Defendant in Error.

*Opinion filed April 20, 1929—Rehearing denied June 7, 1929.*

HARRY H. FELGAR, for plaintiff in error.

A. W. FULTON, and S. J. FULTON, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Defendant in error, the Security Benefit Association, a mutual benefit society, recovered a judgment of *nil capiat* upon an instructed verdict in a suit brought against it in the superior court of Cook county by plaintiff in error, Stella Guter, on a benefit certificate on the life of her brother, Frank Guter. On appeal to the Appellate Court for the First District the judgment was affirmed. The cause is now here by leave of this court upon *certiorari*.

The declaration was in the usual form used in a suit of this character and alleged the issuance of the benefit certificate to Frank Guter, in which defendant in error promised to pay, in case of his death, certain death benefits to plaintiff in error, and that upon his death plaintiff in error had made proof of death and demanded payment, which had been refused. Defendant in error did not file the general

issue to the declaration but filed six special pleas setting out affirmative defenses. Defendant's six special pleas of defense were, that Frank Guter's answers and statements in his application, which he warranted as true and on which warranty defendant relied as true or it would not have issued the policy, were untrue, to-wit:

First plea: He stated his mother died of pneumonia, sick one week, while his mother and father both died of tuberculosis.

Second plea: That neither of his parents had been afflicted with tuberculosis, while both died of tuberculosis.

Third plea: That for two years prior to his application he had not lived with, nursed or associated with anyone afflicted with tuberculosis, while he had in said period resided and associated with his father, who was so afflicted.

Fourth plea: That he was in good health at the making of the application, while he was not but was afflicted with tuberculosis.

Fifth plea: That he had not been under the care of or consulted a physician or surgeon for seven years, while he had consulted certain physicians concerning himself within seven years.

Sixth plea: That he warranted he was in sound physical and mental condition, while he was not sound but afflicted with tuberculosis.

Plaintiff in error filed a replication, in which she alleged that she ought not to be barred from having her action "because she says that the execution of said policy, and the application for same by said deceased, was obtained fairly and not by fraud and circumvention of the plaintiff or said deceased, nor of any facts unknown to the defendant in matter and form as the defendant has above in that plea alleged." No demurrer was filed to this replication or to any pleading in the case. The pleadings in effect admitted a *prima facie* case in plaintiff in error. The issue as made by the replication and pleas was whether or not

"the execution of the policy and the application for the same by the deceased was obtained fairly, and not by the fraud and circumvention of the plaintiff· or said deceased nor of any facts unknown to the defendant." Plaintiff in error made out a case by introducing the benefit certificate, proving the death, the giving of notice and proof of death. The burden of proof, under the pleas, was upon plaintiff in error.

Preceding Guter's signature in the application was the following: "As a consideration for the issuance to me of a beneficiary certificate by the Security Benefit Association as herein applied for, I warrant that the foregoing answers and statements are true, full and correct, and I agree that the said answers and statements shall be held to be warranties. I further agree that this application shall be considered a part of my beneficiary certificate, and, together with the constitution and laws of the society, shall constitute my contract for protection with the society. I further declare and agree that I have verified each of the foregoing answers and statements from 1 to 22, inclusive, and I know and understand the same and that the answers and statements as written herein are as given by me. As a further consideration for the issuance of a beneficiary certificate to me, I warrant that I am now in sound physical condition."

The benefit certificate was delivered to the insured and it went into effect September 25, 1925. Guter died May 21, 1926, having been a member of the association seven months and twenty-six days. His death certificate was introduced in evidence and showed that he died of tuberculosis of eight months' duration, disease contracted at home. The death certificate of John Guter, father of deceased, was admitted in evidence, and shows that he died April 2, 1925, aged forty-seven, of tuberculosis, duration of one month and twenty-one days, contracted at home. The death certificate of Anna Guter, the mother of deceased, shows she died

April 29, 1918, of tuberculosis, "duration three days; contributory disease, left-sided pleurisy, duration......days."

Defendant in error introduced its by-law stating that no officer or member of a local lodge had power or authority to waive any provisions of a contract, and that notice to a subordinate lodge or its officers or members or any other person should not be considered notice to officers of the association. An examiner for the association testified that defendant in error would not admit persons when there were two cases of tuberculosis in the same family. The application contained the statements which are alleged in defendant in error's pleas to have been falsely made. In rebuttal plaintiff in error testified that her father, during his lifetime, had been a member of the lodge issuing the benefit certificate; that at the time of the application she was nineteen years of age and Frank Guter sixteen; that her father was taken to the hospital the day after he was taken sick; that the only time Frank was ever sick or had a doctor was just before he left for the hospital; that when Frank joined the lodge, Dr. Orzynski, (the medical examiner for the local lodge, who was admitted upon the trial to be the agent of defendant in error,) who examined him, filled in all the writing in the application but the signatures; that before the doctor wrote down the answers he just asked her brother the questions and put down the answers; that she was present and heard the questions and answers. She was asked the question, "Did you hear the doctor ask Frank what his mother died of?" The question was objected to "on the ground that this is a part of a written contract and cannot be attacked in this manner. The beneficiary who is suing in this case was present and put her signature on this application as a witness. The verity of a document cannot be attacked in this manner." The court sustained the objection to the question but permitted the witness, in the absence of the jury, for the purpose of making the record, to be examined, and thereupon she testified that she heard

the doctor ask Frank what his mother died of, and that Frank's answer was, "tuberculosis;" that when they came into the doctor's office she told him that both her parents died of tuberculosis, and asked if they would have any trouble if either of them died, because she knew of societies that would not accept members in that case; that the doctor told her that would make no difference whatever; that he said he would put down that the father died of pneumonia instead of tuberculosis, but that he did not do so; that they did not know anything about the rules of the society and thought the doctor knew more about them than they did; that neither she nor her brother read the paper; that the first time that she saw what the doctor had put in it was here in court; that the doctor did not read the paper over to them or ask either of them to read it; that she thought the doctor was writing just what they were telling him; that after the questions were answered the paper was on the desk, and the doctor just showed them where to sign, and that he took the paper away.

It is contended by plaintiff in error that the court erred in sustaining defendant in error's objection to the proffered testimony. A subordinate lodge or council of a mutual benefit society is the agent of the supreme lodge or council, notwithstanding the declarations of the by-laws of the society to the contrary, and a restriction upon the power of an agent of a benefit society to waive any of the conditions of the contract or upon the manner of their waiver is a condition which may itself be waived by a mutual benefit association. (*Dromgold* v. *Royal Neighbors,* 261 Ill. 60; *Zeman* v. *North American Union,* 263 id. 304.) The rule as to what constitutes a warranty in an application for a mutual benefit certificate differs where the application is filled out and the questions answered by the insured and where the questions are asked and the application is filled out by an agent of the society, and in the former case, where the answers are false and no information as to their

falsity is given to the agent, the benefit certificate may be declared void by the society. This rule, however, does not apply to the latter case. Notice to the agent, at the time of the application for the insurance, of facts material to the risk is notice to the insurer, and will prevent it from insisting upon a forfeiture for causes within such agent's knowledge. The insurer is not permitted to insist that statements in an application are warranties, the falsity of which forfeits the policy, where such statements are those of the agent, put in by him in lieu of the facts disclosed to him by the insured. (*Provident Life Ins. Co.* v. *Cannon,* 201 Ill. 260; *Phenix Ins. Co.* v. *Hart,* 149 id. 513; *Home Ins. Co.* v. *Mendenhall,* 164 id. 458; *Phenix Ins. Co.* v. *Stocks,* 149 id. 319; *Royal Neighbors* v. *Boman,* 177 id. 27; *Teutonia Life Ins. Co.* v. *Beck,* 74 id. 165.) This case differs from *Fader* v. *Midland Casualty Co.* 316 Ill. 552, where it was held that the waiver by the defendant of the performance of conditions precedent to its liability must be alleged and cannot be proved under an issue alleging performance. In the instant case the waiver was not of a condition precedent to liability. It is admitted by defendant in error that plaintiff in error made out a *prima facie* case. The waiver was of a right to declare a forfeiture of the contract. While the replication in the case was inartistically drawn, no demurrer was filed thereto but issue was joined, and under the authorities above cited the evidence which plaintiff in error sought to introduce was pertinent to the issues and the court erred in sustaining the specific objection made thereto.

The judgment of the superior court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*