John Micezey, Appellant, v. Missouri State Life Insurance Company, Appellee.

Gen. No. 8,751.

Opinion filed October 13, 1933. Rehearing denied and additional opinion filed February 20, 1934.

JOHN W. SPEAKMAN and J. R. DEAN, for appellant.

GUNN, PENWELL & LINDLEY, ALLEN MAY and J. R. BURCHAM, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

Appellant brought an action of assumpsit against appellee on an insurance policy. The amended declaration consists of two counts; the first count sets out in full the wording of the policy, from which it appears it was dated January 1, 1928, and was a straight life

insurance policy upon the life of appellant and provided for the payment of $850 to Joe Micezey, the son of appellant, in case of his death, which amount was subsequently raised to $1,000 by a rider attached to said policy.

This policy also made provision for total and permanent disability benefits, as follows:

"If a Member shall furnish the Company with due proof that before having attained the age of sixty years, he or she has become totally and permanently disabled by bodily injury or disease, and that he or she is then, and will be at all times thereafter, wholly prevented thereby from engaging in any gainful occupation, and that he or she has been so permanently and totally disabled for a period of six months, the Company will immediately pay to the Member, in full settlement of all obligations hereunder, the amount of insurance in force hereunder or on the Member at the time of the approval by the Company of the proofs as aforesaid."

It is charged in this count of the declaration that plaintiff was unable to read or write the English language; that the policy of insurance was solicited from him, by an agent of the defendant, in the mine of the United States Fuel Company, near Georgetown, Illinois, sometime in the month of December, 1927; that at said time he told said agent that he was 64 years of age; that said agent then and there represented to him that said policy of insurance was a policy of life insurance and a policy of insurance against permanent and total disability; that said agent did not inform the plaintiff concerning, or read to the plaintiff, the provision of said policy with respect to age and that portion of the policy with reference to the permanent and total disability insurance; that he did not know of the existence of any provision contained therein with respect to age; but that the defendant, knowing that the plain-

tiff was more than 60 years of age, issued to plaintiff the policy of insurance.

The plaintiff averred that he became totally and permanently disabled by bodily injury and disease, and that he will be at all times hereafter wholly prevented from engaging in any gainful occupation, and that he was also permanently and totally disabled for a period of six months.

The second count of the declaration avers, after setting forth the clause in the policy providing for the payment for total and permanent disability benefits, that at the time said policy of insurance was solicited from him, and also at the time that said policy of insurance was issued, there was then in force in the State of Illinois an act entitled "An act to organize and regulate the business of life insurance" (approved March 26, 1869), Cahill's Ill. St. 1931, ch. 73, ¶ 346, which provides as follows: "Whoever solicits insurance on behalf of any life company not chartered by and not established within this State, . . . shall be held to be an agent of such company to all intents and purposes, and subject to all the duties, requisitions, liabilities and penalties set forth in the laws of this State relating to life insurance companies not incorporated by the Legislature thereof"; that the defendant is a corporation organized under the laws of the State of Missouri, and not a domestic or an Illinois corporation; that an agent of said defendant interviewed the plaintiff at the mine of the United States Fuel Company, near Georgetown, Illinois, and solicited from him said policy of insurance and took his application therefor; that later said policy was delivered to him by an employee of the United States Fuel Company at their offices in Vermilion county, Illinois; that the premium on said policy was deducted from his wages earned while employed by the United States Fuel Company; that no conversation, dealing or business connection with respect to said contract of insurance was had

by any other employee of the defendant; that he is unable to read or write the English language; that said agent represented to him that said policy of insurance was a policy of life insurance and a policy of insurance against permanent and total disability; and that at that time he informed the agent of the defendant that he was 64 years of age, and that said agent then and there informed him it made no difference what his age was, that the defendant would insure him against total and permanent disability despite his age; that he did not have to die in order to collect said policy; that if he became permanently and totally disabled the defendant would pay him the insurance provided in said policy; that he relied upon the representations of the agent of the defendant and accepted said policy, believing that he was insured by said policy against total and permanent disability notwithstanding his age; and that, thereafter, he paid the premiums on the policy for both life insurance and total and permanent disability insurance, which was accepted and retained by the defendant.

To the amended declaration the defendant filed a general demurrer. The circuit court of Vermilion county sustained the demurrer of the defendant to the amended declaration, and plaintiff elected to abide by the declaration, and the court thereupon entered a final judgment, from which judgment the plaintiff perfected this appeal. The question to be determined is whether the circuit court erred in sustaining the demurrer to said amended declaration.

This policy is what is known as a group policy of insurance, and from the averments of the declaration it appears that an agent of the defendant solicited this insurance, and that an employee of the United States Fuel Company, for whom the plaintiff was working, acted as the agent of the defendant in the collection of the premiums due thereon, which were retained out of

the wages of the plaintiff; that the plaintiff informed the agent that his age was 64 years, and was assured by the latter that notwithstanding that fact the policy would cover both life and total and permanent disability; and plaintiff, who could neither read or write the English language, relied upon such representations of the agent and accepted the policy and paid the premium for both life insurance and total and permanent disability insurance.

It is the law of this State that notice to the insurance agent, at the time of the application for insurance, of facts material to the risk is notice to the insurer, and such insurer cannot later repudiate the policy on account thereof. *Provident Savings Life Assurance Society v. Cannon,* 201 Ill. 260; *Guter v. Security Benefit Ass'n,* 335 Ill. 174.

The agent of appellee knew that appellant was 64 years of age at the time he solicited the insurance and assured appellant that notwithstanding his age the policy would cover both life and total and permanent disability, and that he did not have to die in order to collect said policy. If such representations were made for the purpose of inducing appellant to take the policy of insurance and pay the premiums thereon, for both life and total and permanent disability, as alleged, and appellee having issued said policy covering both life and total and permanent disability and collected the premiums thereon, it would be estopped from denying liability on said policy insuring against total and permanent disability because of the provisions therein contained as to the age of the insured, especially so because appellant could neither read or write the English language. Appellee relies upon the case of *McLain v. American Glanzstoff Corp.,* decided by the Supreme Court of Tennessee, March 4, 1933, 57 S. W. (2d) 554, in support of the judgment of the circuit court. In that case under a somewhat similar policy,

which provided for both life and total disability insurance and by which the liability for total disability ceased at the age of 60 years, and the allegations of the bill were that complainant was 61 years of age when the policy was issued to him, it was held that he could not recover. We think that case is distinguishable for the reason that no fraud or misrepresentations were made in that case. The court there said "no fraud or misrepresentation is alleged, and the language quoted above, written into complainant's certificate, is about as plain as it could be made." The language referred to as having been written into the certificate was, "However, after the age of sixty, the total and permanent disability benefits do not apply."

There was also no allegation that the complainant could not read or write the English language.

In our opinion the trial court erred in sustaining the demurrer to the declaration. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

ADDITIONAL OPINION UPON PETITION FOR REHEARING.

PER CURIAM: In a petition for rehearing, filed by appellee, it is claimed that our decision in this cause is inconsistent and at variance with a former decision of this court rendered in the case of *Rozgis v. Missouri State Life Ins. Co.*, 271 Ill. App. 155. The declaration in the *Rozgis* case is very materially different from the declaration filed in the case at bar. In the *Rozgis* case there were no allegations that the agent of defendant told the plaintiff that the policy of insurance was for permanent and total disability as well as for life, or that the plaintiff was unable to read or write the English language, or at the time the insurance was solicited the plaintiff informed the agent that he was past the age of 60 years and that the agent in-

formed him that it made no difference what his age was, that the defendant would insure him against total and permanent disability despite his age, or that the plaintiff paid the premiums on the policy for both life insurance and total and permanent disability insurance, which premiums were accepted by the defendant.'

Under the declaration in the *Rozgis* case we held, in substance, that no 'cause of action could be sustained.

It is true that it was also held in that case: "But the fundamental defect with this cause of action is that appellee is seeking to compel appellant to execute a contract which it did not make and which is against the public policy of the State. All insurance is permeated with a public interest, and policies of this character are supervised and controlled by the State. Illinois has a standard form of policy, supervised by the Director of Trade and Commerce, and it is provided in section 280, chapter 73, Smith-Hurd's Revised Statutes 1931 (Cahill's St. ch. 73, ¶ 538):

" 'No policy of life insurance shall be issued or delivered in this State by a company organized under the laws of any foreign government doing a business of life insurance under this Act, until the form of the same has been filed with the Director of Trade and Commerce and after the Director of Trade and Commerce shall have notified any company of his disapproval of any form, it shall be unlawful for such company to issue any policy in the form so disapproved,' etc.

"No form of policy has ever been issued or sought in the State of Illinois insuring against total and permanent disability by bodily injury or disease, accruing before one becomes 66 years of age or accruing before one becomes 64 years of age, and it is, therefore, a subject as foreign to the insurance laws of this State as any subject of speculation, imagination or chance,

and becomes a mere gambling contract and is against the public policy of the State.

"Neither the legislature nor the common law has vested in the courts the administrative power to determine what are the proper subjects to be protected by insurance, which are only to be determined by a vast amount of accumulated data, facts and experience, the results of which are changeable with the times, seasons and cycles. This court is without power, authority or inclination, by estoppel or otherwise, to give effect to an illegal and unlawful contract of the nature as arises in this suit."

The above part of the opinion in the *Rozgis* case as quoted was unnecessary to a determination of the issues in that case and was therefore *obiter dictum.*

The petition for rehearing is, therefore, denied.

*Rehearing denied.*