JAMES E. BOYLES, Plaintiff-Appellee, v. ROBERT FREEMAN, Defendant— (STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Garnishee-Defendant-Appellant.)

(No. 59058; )

First District (5th Division)—July 12, 1974.

`536

Querry, Harrow, Gulanick & Kennedy, Ltd., of Chicago (John J. Corbett, of counsel), for appellant.

Charles T. Booher, Jr., of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff sued defendant, Robert Freeman, to recover damages for personal injuries he sustained as a result of defendant's negligent operation of his automobile. A bench trial resulted in a judgment in favor of plaintiff in the amount of $20,000. Plaintiff instituted this supplementary action to garnish Freeman's funds or property allegedly held by defendant-garnishee State Farm Mutual Automobile Insurance Co. by reason of it having issued Freeman an insurance policy providing him coverage for bodily injuries in the amount of $10,000. This appeal is taken from the entry of a judgment in favor of plaintiff and the denial of State Farm's post-trial motion to vacate that judgment.

At the garnishment hearing, State Farm denied that it held any of Freeman's funds or property and contended that the contemplated contract for insurance was rendered void *ab initio* by its election to rescind for a material misrepresentation in Freeman's application.

By stipulation of the parties the evidence was limited solely to defendant Freeman's deposition transcript, the application for insurance, State Farm's letter to Freeman dated February 27, 1967, and a letter from State Farm's attorney to plaintiff's attorney dated June 22, 1972. No objections were made to any part of the deposition or documents.

The aforementioned evidence indicates that Joseph Romano, an agent for State Farm, interviewed defendant's wife at their home on February 8, 1967, in preparation of her husband's application for automobile insurance. Defendant Freeman was not at home, but was interviewed over the telephone at his office. Romano asked defendant if his license had ever been suspended, revoked or refused and he answerd "Yes it had." Romano asked when that had taken place and he said "I really don't remember." When asked if it had been within the last five or six years, defendant stated: "I am sure it was over five years ago." He also stated that he couldn't be sure because he did not have his driver's license with him. Romano told defendant not to worry about it and defendant said "Yes,

it has been suspended but whether it has been in the last five years, I really don't remember." Romano wrote "No" to the application form's question: "Has license to drive or registration been suspended, revoked or refused for the applicant, or any member of his household, within the past five years." The application was signed by defendant's wife and forwarded for processing. The effective date of coverage was the date the application was written.

Plaintiff sustained personal injuries on February 12, 1967, when he was struck by an automobile operated by defendant. On the date of the accident, defendant notified Romano who assured him that he was covered under State Farm's policy. On February 27, 1967, State Farm informed defendant that it had discovered that his license had been suspended on January 3, 1963, within five years of the application date, that his application contained "No" to such a question, that this was a material misrepresentation, and that therefore his policy was rescinded. State Farm enclosed a check for the full amount of the premium paid which defendant subsequently cashed.

OPINION

State Farm contends that the insurance contract was rendered void *ab initio* by its election to rescind because of defendant's material misrepresentation in his application. The parties have stipulated to the fact that if State Farm had knowledge of defendant's suspended driver's license within the five year period, it would have rejected his application and declined to issue a policy.

State Farm equates Freeman's statements concerning his driver's license suspension to a misrepresentation of a material fact by the insured thereby defeating or avoiding the policy. (Ill. Rev. Stat. 1971, ch. 73, par. 766; *Western & Southern Life Insurance Co. v. Tomasun*, 358 Ill. 496, 193 N.E. 451.) Plaintiff on the other hand portrays this action as the recordation on the application of false or incorrect answers by the insurer's agent after correct oral answers had been made by the insured thus estopping the insurer from denying its liability. (*Oberg v. John Hancock Mutual Life Insurance Co.*, 114 Ill.App.2d 152, 251 N.E.2d 918; *Germania Fire Insurance Co. v. McKee*, 94 Ill. 494.) However, in our view, this appeal is factually distinguishable from either situation.

We perceive the issue to be the legal effect of the insured's having made a qualified or ambiguous response in good faith to an application question which is interpreted in good faith by the insurer's agent and recorded into a positive assertion that proves to be false. While the parties have not cited any case that is on all fours with this issue, its resolution may be reached by the extrapolation from cases that at least in part touch upon the question posed.

██ It has been stated that when an insured in good faith qualifies his statements, the insurer has the choice of ignoring the limitation or refusing the risk, but it cannot ignore the limitations and then seek to avoid the policy because the statement without the qualifications is false. (Couch on Insurance (2d ed. 1961) § 35:149.) For example, in *Ginsberg v. Faraone* (1932), 126 Cal.App. 337, 14 P.2d 777, where the applicant had answered that to her knowledge she did not have any physical or mental disease, the court held that where the answers of the applicant are limited or qualified by a particular or general expression, effect must be given to that intent. (*Accord, Northwestern Mutual Life Insurance Co. v. Gridley*, 100 U.S. 614, 25 L.Ed. 746.) Furthermore, notwithstanding any warranties on the application, in order for the insurer to avoid the policy, the answers by the insured that are stated to be true to the best of his knowledge are required to not only be proven false but also that the insured knew them to be false. *Kidder v. Supreme Assembly of the American Stars of Equity*, 154 Ill.App. 489.

██ Similarly, where the applicant unintentionally makes ambiguous or doubtful representations, the insurer is required to make further inquiry or be deemed by its neglect so to do, to have waived the ambiguity or its incompleteness. "If the expressions are ambiguous, the insurer ought to ask an explanation, and not substitute his own conjectures for an alleged representation." *Livingston v. Maryland Insurance Co.*, 11 U.S. (7 Cranch) 506, 3 L. Ed. 421; Couch on Insurance (2d 1961) § 35:148.

██ The insurer is also estopped from avoiding the policy for untrue representations in the application where the insured discloses facts to the agent, and the agent in undertaking to fill out the application does not state the facts as they are disclosed to him but instead inserts conclusions of his own or answers inconsistent with the facts. (*Provident Savings Life Assurance Society v. Cannon*, 201 Ill. 260, 66 N.E. 388; *Phenix Insurance Co. v. Stocks*, 149 Ill. 319, 36 N.E. 408; *Phoenix Insurance Co. v. Whiteleather*, 34 Ill. App. 60; *Turner v. Modern Woodmen of America*, 186 Ill. App. 404.) And, the result is the same where the incorrect answer is entered pursuant to suggestion, advice or interpretation of the insurer's agent. *Germania Fire Insurance Co. v. McKee*, 94 Ill. 494; *Royal Neighbors of America v. Boman*, 177 Ill. 27, 52 N.E. 264.

██ The composite of these principles makes clear that State Farm is estopped from avoiding the policy with respect to this garnishment action for the answer in defendant's application. Defendant's statements to Romano when reviewed in their complete context, were made in good faith in an attempt to fully disclose the fact that his driver's license had been suspended. The date of that suspension was qualified or perhaps ambiguous by defendant stating at first positively that he was "sure it

[the suspension] was over five years ago." but then stating that he really couldn't be sure since he didn't have his driver's license with him, and finally remarking, "Yes it had been suspended, but whether it has been in the last five years, I really don't remember." Agent Romano concluded or interpreted this narrative in a single word "No" which does not accurately state the facts disclosed to him and, as was later proven, was an erroneous response to the question concerning whether the applicant's driver's license had been suspended within the last five years.

■■ The agent's knowledge or notice of defendant's qualified statements is, in the absence of collusion, imputed to the insurer. (*Niemann v. Security Benefit Ass'n*, 350 Ill. 308, 183 N.E. 223, and it is immaterial whether the agent actually communicates such matters to the insurer. (*Van Hulle v. State Farm Mutual Automobile Insurance Co.*, 44 Ill.2d 227, 254 N.E.2d 457.) Accordingly, agent Romano's failure by mistake or negligence to impart to State Farm the facts disclosed by defendant estops the insurer from claiming a forfeiture of the policy.

■■ State Farm has contended that defendant's qualifying statements contradict or modify the answer in the written application and are therefore by their admission into evidence, a violation of the parol evidence rule. This argument has been previously considered and rejected in Illinois. (*Guter v. Security Benefit Ass'n*, 335 Ill. 174, 166 N.E. 521; *Andes Insurance Co. v. Fish*, 71 Ill. 620.) Furthermore, State Farm's failure to object at the taking of defendant's deposition and its stipulation of the facts at the trial court waives any objection to our consideration of that evidence. *Louisville, N.A. & C. Ry. Co. v. Shires*, 108 Ill. 617; *People v. Daniels*, 50 Ill.App.2d 108, 200 N.E.2d 110; *Dreiske v. Jones & Adams Co.*, 133 Ill.App. 572.

The judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and DRUCKER, J., concur.