MASSACHUSETTS MUTUAL LIFE
INSURANCE CO., Plaintiff,

v.

Patricia O'BRIEN and Colleen
C. O'Brien, Defendants.

No. 90–3297.

United States District Court,
C.D. Illinois,
Springfield Division.

Jan. 26, 1994.

David B. Mueller, Timothy J. Cassiday, Peoria, IL, for plaintiff.

George J. Lewis, Mark A. Drummond, Quincy, IL, for defendants.

## OPINION

RICHARD MILLS, District Judge:

This cause is before the Court on remand and the Plaintiff's motions to dismiss the Defendants' counterclaims and affirmative defenses.

Defendants are the beneficiaries of a life insurance policy issued by the Plaintiff on the life of Sean P. O'Brien, the insured. Mr. O'Brien had suffered from cancer in the form of Hodgkin's Disease when he applied for a policy with the Plaintiff's agent, Janell Farmer, in October of 1988. The Plaintiff's medical examiner, Dr. Rapp, completed Part 2 of the application, answering in the affirmative to the question asking whether the insured had ever been treated for cancer, adding the statement "Hodgkin's." The medical examiner also indicated on the application that the insured had received radiation treatments for the Hodgkin's Disease and was currently suffering from back strain. The application is dated October 20, 1988.

The policy was ultimately approved by the Plaintiff and issued on December 6, 1988 in the face amount of $100,000. The agent paid the first premium on behalf of the insured on December 20, 1988. On January 21, 1989, the policy was physically delivered to the insured, and the agent requested that Mr. O'Brien sign a conditional receipt. The conditional receipt is a form designed for use when an insured makes a premium payment before a policy has been issued. In this case, however, the policy had already been in effect for over a month when it was delivered to the insured, thus making the conditional receipt unnecessary and irrelevant.

The insurance policy issued reserved to the Plaintiff the right to contest the validity of the policy "for material misrepresentation of a fact ... made in the application." In this case, it is not alleged that any material misrepresentations were made by the insured in the actual application. Paragraph II of the application, on which the Plaintiff relies to avoid liability, discusses the Plaintiff's liability where early premium payment is made in exchange for a conditional receipt. That same paragraph goes on to state that in the absence of an early premium payment, as here, the Plaintiff insurer has no liability under the policy "unless and until" the application is approved, the first premium has been paid, the policy has been delivered to the insured, and "[a]t the time of payment and delivery, all statements in the application which relate to the insurability of the Proposed Insured are complete and true as though they were made at that time."

In late December of 1988, after the insured had been experiencing repeated back pain, he went to the hospital for various medical tests, at which time a tumor was discovered in the lower part of his spine. Surgery was immediately performed and the entire tumor was removed. The Plaintiff's agent met the insured and the beneficiaries at the insured's home on January 21, 1989 to deliver the policy, and there is deposition testimony indicating that at that time the agent "knew of the surgery" that had been performed. Later that month the insured received the results of follow-up tests and was informed that he had bone cancer. The insured continued to make premium payments on his policy until he succumbed to the bone cancer in July of 1989.

The Court of Appeals has held in this declaratory judgment action that because the insured had been treated for a different cancerous tumor prior to delivery of the policy, his answers on the application no longer remained complete and true at the time the policy was delivered to him in January of 1989, thereby violating a condition precedent to coverage. *Mass. Mutual Life Ins. Co. v. O'Brien,* 5 F.3d 1117, 1119–22 (7th Cir.1993). The Court of Appeals remanded the case, though, for a determination of whether the Plaintiff waived exact disclosure of the insured's medical condition through awareness of the condition. *Id.* at 1122–23. The Defendants have since filed counterclaims and affirmative defenses asserting that the Plaintiff waived any further disclosure requirements because the Plaintiff's agent either knew or

should have known of the insured's changed medical condition at the time of delivering the policy.

The Plaintiff has moved to dismiss the Defendants' counterclaims and affirmative defenses on the basis that the Defendants must prove actual knowledge of the insured's medical condition. However, under Illinois law, waiver can be established by "knowledge, [either] actual or constructive," *Hilliard v. Woodmen of the World Life Ins. Soc'y,* 330 Ill.App. 577, 585, 71 N.E.2d 903 (1947), and where an agent possesses "knowledge of facts concerning the health and medical history" of an insured, such knowledge may constitute waiver of heightened disclosure requirements. *Mutual Life Ins. Co. of New York v. Wineberg,* 319 Ill.App. 177, 187, 49 N.E.2d 44 (1943). Also, where an insured makes ambiguous representations to an insurer, the insurer waives the ambiguity or incompleteness if it fails to make further inquiry. *Boyles v. Freeman,* 21 Ill.App.3d 535, 539, 315 N.E.2d 899 (1974). Because Mr. O'Brien had affirmatively answered the cancer question on the application but had added the word "Hodgkin's" and received bone cancer treatments prior to delivery of the policy, the appellate court found the insured's representations to be ambiguous and incomplete. *O'Brien,* 5 F.3d at 1120–21.

■ Apparently, the Plaintiff's agent was well acquainted with the insured and had several discussions with him about the policy prior to its ultimate delivery. As a result, the Defendants claim that the Plaintiff knew of the insured's medical condition and thereby waived any requirement of on-going disclosure. Thus, the Defendants have properly raised the issue upon which this case was remanded and are entitled to proceed with discovery on their claims.

■ Plaintiff next argues that Defendants cannot raise a counterclaim of bad faith refusal to pay because of the law of the case. However, the appellate court held only that the Plaintiff could not be assessed a penalty for failure to pay the proceeds of the policy based on the incomplete and ambiguous disclosure by the insured of his medical condition. *O'Brien,* 5 F.3d at 1123. The Court of Appeals expressed no opinion as to whether the Plaintiff could be held liable for refusing in bad faith to honor the policy, if in fact the Plaintiff had knowledge of the insured's changed medical condition at the time of delivery of the policy. Consequently, the Defendants may assert a claim of bad faith refusal to pay in raising the factual issue of the Plaintiff's knowledge of the insured's health.

■ Finally, as a clarification of this Court's earlier order entering judgment as a matter of law for the Defendants, the Court notes that the insured gave notice to the Plaintiff of a backache condition and the fact that the insured had received radiation treatments for Hodgkin's Disease. From this information a jury might find that the Plaintiff insurance company had notice that the insured had a higher than normal probability of developing other cancer, especially since backache is a symptom of bone cancer of the lower spine and radiation is a known carcinogen, as was discussed in the discovery deposition of Dr. Ali. The jury could further find that, with full knowledge of these facts, the Plaintiff made a conscious business decision to issue a policy on the life of the insured and thereby would have knowingly assumed the risk that the insured might develop a different form of cancer.

■ It is interesting to note that under Illinois law, delivery of a policy to an insurance agent may constitute delivery of the policy to the insured if the agent is holding the policy on behalf of the insured. *Stramaglia v. Conservative Life Ins. Co.,* 319 Ill. App. 20, 29, 48 N.E.2d 719 (1943). In this case, the agent admitted that she paid the first premium for the insured without his knowledge to "make it easier to deliver the policy" and because she felt "that he should have this policy." Thus, the agent's possession of the policy after paying the first premium may have amounted to constructive delivery of the policy.

■ Furthermore, Illinois law requires an insurer to inquire as to the health of an insured at the time of delivery of a life insurance policy, and failure to so inquire makes the question of delivery conclusive

864

against the insurer. *Bi–Link Metal Specialties, Inc. v. Louisiana & Southern Life Ins. Co.,* 96 Ill.App.3d 239, 241, 51 Ill.Dec. 717, 421 N.E.2d 225 (1981). Also, an insured has no duty to disclose the manifestation of an unknown condition existing at the time of application for a life insurance policy. *Seidler v. Georgetown Life Ins. Co.,* 82 Ill. App.3d 361, 368, 37 Ill.Dec. 664, 402 N.E.2d 666 (1980). In this case, the insured's bone cancer, although unknown to him, was most probably in existence at the time he completed the insurance application in late October of 1988. Also, contrary to Plaintiff's argument in the appellate court, the mere presentation to the insured of an inapplicable conditional receipt did not amount to an inquiry into the insured's health. Consequently, it appears that a valid insurance contract may have existed between the Plaintiff and the insured as of January 21, 1989.

*Ergo,* the Plaintiff's motion to dismiss the Defendants' counterclaims is DENIED, as is the Plaintiff's motion to dismiss the Defendants' affirmative defenses. This case is referred to U.S. Magistrate Judge Charles H. Evans for the preparation of a scheduling order and for supervision of the discovery process on the issues raised in the Defendants' counterclaims and affirmative defenses.

SO ORDERED.